**Richard John Charles GALUSTIAN, Plaintiff,**

v.

**Lawrence T. PETER, Defendant.**

**Action No. 2:08cv59.**

United States District Court, E.D. Virginia, Norfolk Division.

Dec. 12, 2008.

Frank Alwin Edgar, Jr., Marc Ericson Darnell, Kaufman & Canoles PC, Newport News, VA, for Plaintiff.

Robert W. Johnson, II, Balch & Bingham LLP, Washington, DC, Christopher Scott Anulewicz, Kenneth Alexander Khoury, Balch & Bingham LLP, Atlanta, GA, for Defendant.

## *MEMORANDUM DISMISSAL ORDER*

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on defendant Lawrence T. Peter's response to the court's Clarification Order, filed November 7, 2008 (the "Clarification Order"),[1] to which plaintiff responded on November 12, 2008. Defendant replied on November 18, 2008. The matter is now before the court. For the reasons set forth below, this action is hereby **DISMISSED** without prejudice.

### I. Factual and Procedural History

The relevant factual and procedural history is set forth in detail in the Clarification Order and the court's Memorandum Opinion (the "Memorandum Opinion"),[2] and need not be repeated herein. Pursuant to the Clarification Order, defendant was ordered to provide, in writing, within ninety (90) days, a waiver of immunity from Iraqi legal process by the United States on the defendant's behalf, in accordance with Section 5 of the Coalition Provisional Authority Order Number 17 ("Order 17"). If defendant was unable to procure such a waiver, the matter was to proceed in this court at that time.

#### A. Defendant's Response

In his November 7, 2008, response to the Clarification Order, defendant detailed his attempts to obtain a waiver of Order 17 immunity from the United States Department of State. Defendant submitted a letter requesting such a waiver to the United States Department of State on September 17, 2008.[3] On October 29,

---

1. This court entered the Clarification Order on August 11, 2008. *See Galustian v. Peter,* 570 F.Supp.2d 836 (E.D.Va.2008).

2. In the Memorandum Opinion, entered June 18, 2008, the court conditionally dismissed plaintiff's one-count defamation action on the basis of *forum non conveniens. See Galustian v. Peter,* 561 F.Supp.2d 559 (E.D.Va.2008).

3. The request included several attachments, including a copy of Order 17, this court's Clarification and Memorandum Orders, the charter for his business, the support agreement for his business, and his "Waiver of Order 17 Immunity and Statute of Limitations Defense" submitted to this court on June 30, 2008. The charter and support agreement were attached at the request of the Department of State.

806

2008, the Department responded, and made two rulings. First, the Department declined to prospectively waive immunity, because it will "normally consider a waiver request only in a specific case, and upon request by the other relevant State." (State Dept. Resp. 1.) Because there is no litigation currently pending in the Iraqi courts, and because the Government of Iraq has not requested a waiver for defendant, the Department will not waive immunity.

Second, however, the Department stated that based on the information provided in defendant's written request letter:

> Mr. Peter, either as an individual or as an employee of the Private Security Company Association of Iraq (PSCAI), does not appear to be entitled under Order 17 to an immunity that the United States, as a Sending State, would have the authority to either waive or to assert in Iraqi courts.... The Department of State is therefore *unable to consider the requested declaration prospectively waiving Mr. Peter's immunity under Order 17, because we have been provided no basis upon which to conclude that Mr. Peter is entitled to any immunity that could be waived by the United States,* as a Sending State.

(State Dept. Resp. 2 (emphasis added).) The State Department's letter concludes that, because their determination was based upon the information defendant provided in his request letter, they "reserve the right to reconsider [their] conclusion should [they] become aware of any additional material facts." (*Id.*)

**B. Plaintiff's Response**

In his November 12, 2008, response, plaintiff asserts that the State Department's letter is insufficient to satisfy the requirements of this court's Clarification Order. Specifically, he points to this language in the Order:

> [A]bsent an express waiver of any immunity that may be applicable to him under Order 17, the defendant has not carried his burden of showing that Iraq is an adequate alternative forum.

(Clarification Order 4 n. 4.) The letter from the Department of State does not satisfy the Order's mandate, argues Galustian, because it (a) does not unequivocally state that *any* immunity that *may* be applicable to Peter under Order 17 is waived by the United States and (b) the Department of State is unfamiliar with Order 17.

The letter's conclusion that defendant is not entitled to immunity is also faulty, plaintiff asserts, because it does not reflect "critical analysis" of the information provided in defendant's request letter, and does not base its conclusion on any sworn statement from Peter. Moreover, plaintiff argues that defendant submitted only selected, favorable, information from the record to the State Department, which painted the situation in a skewed light, resulting in the State Department being unable to make an informed determination about Order 17 immunity. After devoting six pages to listing the information plaintiff would have submitted to the Department regarding this case,[4] he concludes that "had Peter presented an objective overview of all material facts to the Department of State, it is likely" that their conclusion would have been different. (Pl.'s Resp. 12.)

4. Plaintiff would have apprised the State Department of information such as Peter's possession of credentials allowing him to work in the International Zone in Iraq, that Peter has and uses two government email addresses, and that Peter's desk was "located in the same building" as a member of the Gulf Regional Division, United States Army Corps of Engineers. (Pl.'s Resp. 7–9.)

## II. Analysis

This dispute centers around the applicability of Order 17 immunity to defendant. The best available evidence on this issue is found in the State Department's reasoning that, based on the information provided to them by defendant, there is "no basis upon which to conclude that Mr. Peter is entitled to any immunity that could be waived by the United States, as a Sending State." (State Dept. Resp. 2.) While plaintiff disputes this conclusion, and argues that defendant purposefully withheld information from the State Department in requesting a waiver of immunity, the court cannot conclude, based on the information before it, that the State Department's conclusion was flawed.[5]

Additionally, developments in international law that will soon be forthcoming may serve to render this dispute moot. The parties both note that on December 31, 2008, the United Nations Security Counsel Resolution 1790, which gives legal effect to Order 17 immunity, will expire and be replaced by the Status of Forces Agreement. (Dft.'s Resp. 4; Pl.'s Resp. 13.) The effect on Order 17 by this shift is not yet clear, but it may work to clarify the issues by retroactively revoking any immunity granted pursuant to Order 17. In short, at this juncture, the court finds it appropriate to dismiss this case without prejudice. Should plaintiff file this case in Iraq only to find that defendant is protected by Order 17 immunity,[6] plaintiff can refile his suit in the Eastern District of Virginia.[7]

## III. Conclusion

For the reasons set forth above, this action is **DISMISSED** without prejudice. In the event that plaintiff's claims against defendant in Iraq are barred by Order 17 immunity, plaintiff may refile this action in the Eastern District of Virginia.

The Clerk is **DIRECTED** to send a copy of this Memorandum Dismissal Order to counsel for the parties.

**IT IS SO ORDERED.**

---

**5.** Further, the court notes that defendant Peter asserts he *did* provide all relevant evidence to the State Department, and that the information he allegedly withheld was actually contained in his submissions to the State Department. For instance, with respect to defendant's credentials, defendant notes that the Support Agreement for his company, submitted to the State Department, indicates that the company is located in the International Zone and that employees are provided access badges. (Dft.'s Reply 6.)

**6.** The court notes that, even if Order 17 immunity is determined to apply to defendant, after an appropriate request from the Government of Iraq, the State Department may still waive such immunity on defendant's behalf, allowing the matter to proceed in Iraq.

**7.** Any statute of limitations applicable to refiling an action in this court will be tolled, as appropriate, during the pendency of proper related proceedings in Iraq.