PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

RICHARD JOHN CHARLES GALUSTIAN,
a subject of the United Kingdom
and resident of the United Arab
Emirates,

        *Plaintiff-Appellant,*

        v.

LAWRENCE T. PETER,

        *Defendant-Appellee.*

No. 09-1069

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca Beach Smith, District Judge.
(2:08-cv-00059-RBS-FBS)

Argued: October 29, 2009

Decided: January 15, 2010

Before TRAXLER, Chief Judge, and GREGORY and
DAVIS, Circuit Judges.

Reversed in part, vacated and remanded by published opinion.
Judge Gregory wrote the opinion, in which Chief Judge Traxler and Judge Davis joined.

## COUNSEL

**ARGUED**: Frank Alwin Edgar, Jr., KAUFMAN &
CANOLES, PC, Newport News, Virginia, for Appellant.

Christopher Scott Anulewicz, BALCH & BINGHAM, LLP, Atlanta, Georgia, for Appellee. **ON BRIEF:** Marc E. Darnell, KAUFMAN & CANOLES, PC, Newport News, Virginia, for Appellant. K. Alex Khoury, BALCH & BINGHAM, LLP, Atlanta, Georgia, for Appellee.

---

## OPINION

GREGORY, Circuit Judge:

On December 12, 2008, the United States District Court for the Eastern District of Virginia issued an order dismissing appellant Richard Galustian's one-count defamation suit against Lawrence T. Peter for *forum non conveniens*. The district court found that Iraq was an available and adequate forum for the suit and was overall more convenient. Additionally, the court denied Galustian's motion to amend his complaint to add further factual allegations against Peter and to join Colonel Jack Holly as a co-defendant. For the reasons stated below, we reverse in part and vacate the district court's order and remand for further proceedings consistent with this opinion.

### I.

### A.

Richard Galustian ("Galustian") is a citizen of Great Britain and a resident of the United Arab Emirates. He is the owner and director of ISI International, Ltd. ("ISI"), a commercial security, aviation, and defense consultancy business incorporated under the laws of Dubai and the United Arab Emirates. Lawrence T. Peter ("Peter") is a citizen of the United States who resides in Virginia Beach, Virginia. He works in Baghdad, Iraq as the director of the Private Security Company Association of Iraq ("PSCAI"), an industry association that

keeps member companies apprised of industry developments and sets standards for the private security sector in Iraq.

On February 1, 2008, Galustian filed a one-count defamation complaint against Peter in the United States District Court for the Eastern District of Virginia. Venue and personal jurisdiction were established by Peter's legal residence in Virginia Beach. In his complaint, Galustian alleged that Peter defamed him by sending an email to the members of PSCAI on February 7, 2007, which attached an arrest warrant for Galustian purportedly issued by an Iraqi judge. The warrant for Galustian's arrest showed it was issued by Judge Muhammad Uwaid Al-Thahab and listed Galustian's personal data. However, the space for indicating the type of crime and article of law for which the warrant was issued was left conspicuously blank. Peter sent the email to all members of the PSCAI, attaching the original Arabic and English translation of the warrant, and stating: "Please note the attached document received by this office, 6 Feb 07. ISI (*http://www.isiiraq.com*) is NOT/NOT a member of the PSCAI. All the best, Lawrence." Compl. Ex. C.

In his submission to the district court, Peter stated that he received the warrant from Colonel Jack Holly ("Holly"), then the Director of Logistics for the U.S. Army Corps of Engineers, and that he forwarded it to the members of the PSCAI because he believed it was significant that an Iraqi court was attempting to assert jurisdiction over a private contractor. Peter stated he inspected the warrant, and it appeared to be genuine. He submitted to the court that he did not, and does not now, have any reason to believe otherwise. Holly stated in his affidavit that he forwarded the warrant to Peter because he knew Peter worked with a large community of private security companies in Iraq, and he believed it could significantly affect their operations.

Galustian alleges in his complaint that the warrant was in

fact a forgery.[1] As background, Galustian states that he had made an agreement in the past with a private security company incorporated in Canada, SkyLink Arabia ("Skylink"), to provide services for them in return for a 10% equity share in their company. SkyLink failed to deliver the equity interest, and Galustian and ISI filed suit in a Canadian court in November 2007 for breach of contract. As a result of his litigation against Skylink, Galustian claims that SkyLink caused the false warrant to be issued and to be delivered to Peter so that it would be disseminated widely. He further alleges that Peter then acted knowingly, recklessly, or negligently in disregard of the fact that the warrant was a forgery when he published it via email to the members of the PSCAI. As a result, Galustian asserts that his reputation for honesty and integrity has been seriously harmed, and he has lost substantial business. He requests $3,000,000 in damages.

B.

In response to Galustian's complaint, Peter filed a motion to dismiss the case for *forum non conveniens* and failure to state a claim under Virginia or Iraqi law.[2] Peter attached Exhibit A to his motion, an affidavit from George Hermes Hanna, a member of the Iraq Bar Association who practiced law in Iraq until November 2005 when he fled to the United States. Hanna stated that he is familiar with the current civil code in effect in Iraq, and it provides a cause of action for defamation in Articles 204 and 205. Peter also attached a copy of Coalition Provisional Authority Order Number 17 ("Order 17"). Order 17 was issued by Paul Bremer, the head of the

---

[1]Galustian alleges in his complaint that the British Foreign and Commonwealth Office in Iraq investigated the warrant and determined it was fraudulent.

[2]Because the district court dismissed the case on *forum non conveniens* grounds, it did not reach the issue of whether Galustian had stated a claim under Virginia or Iraqi law, and therefore that issue is not on appeal before this Court.

Coalition Provisional Authority, during the early days of the U.S. occupation of Iraq. The order granted immunity from legal process in Iraq to certain classes of people: the multinational force, foreign liaison missions and their personnel, international consultants, and contractors with respect to acts performed pursuant to their contracts. Peter stated, as part of his argument that Iraq was an alternative forum, that he was not protected by the immunity provisions of Order 17 because he did not contract with the U.S. government or military.

Galustian did not file a direct response to the motion to dismiss; rather he filed a motion to amend his complaint. In his proposed amended complaint, Galustian added Holly as a co-defendant, alleging Holly conspired with Peter and SkyLink to defame him by causing a false warrant for his arrest to be published. Galustian alleged that Holly conspired with SkyLink because Holly had obtained a secret equity interest in the company, an assertion Holly denied in his affidavit submitted to the court. Finally, in his motion to amend, Galustian pled that Iraq is not an available alternative forum for his suit because both Peter and Holly are immune from suit under Order 17 and Galustian himself can no longer be present in Iraq because of threats to his life.

The district court conducted a hearing on the motion to dismiss on May 15, 2008, and issued its decision on June 18, 2008. *Galustian v. Peter*, 561 F. Supp. 2d 559 (E.D. Va. 2008). The district judge granted the motion to dismiss for *forum non conveniens* on the condition that Peter waive all immunity under Order 17 and affirmatively submit to the jurisdiction of the courts of Iraq by waiving any statute of limitations defense he could have otherwise raised. *Id.* at 563. The court held that dismissal was proper because Iraq provides a remedy for defamation and is available for litigation. *Id.* Overall, the court found that all factors heavily favor holding the case in Iraq. *Id.* at 564-65. The district court denied Galustian's motion to amend, reasoning that because the case

was dismissed for *forum non conveniens*, the motion to amend the complaint was moot. *Id.* at 562 n.3.

After the decision was rendered, Galustian filed a motion to amend the court's order on the basis that Order 17 does not allow for individual waiver, but mandates an express waiver from the sending state. The court agreed with this logic and modified its order to require that Peter provide "a waiver of immunity from Iraqi legal process by the United States on the defendant's behalf, in accordance with § 5 of Order 17." *Galustian v. Peter*, 570 F. Supp. 2d 836, 839 (E.D. Va. 2008). Indeed, if Peter did not provide the waiver, he "has not carried his burden of showing that Iraq is an adequate alternative forum." *Id.* at 838 n.4.

In response to the judge's requirement, Peter submitted a formal request to the State Department for a waiver of his Order 17 immunity on September 17, 2008. The State Department responded on October 29, 2008, declining to prospectively waive Peter's immunity but stating that, in its opinion, a waiver would not be necessary because, based on the information provided, Peter was not entitled to immunity.[3]

The district court dismissed Galustian's action for *forum non conveniens* in a final order on December 12, 2008. *Galustian v. Peter*, 590 F. Supp. 2d 804 (2008). The court found that the "best available evidence" of whether Order 17 applies to Peter was the State Department's letter and its conclusion that he is not immune. *Id.* at 807. This timely appeal followed.

II.

Galustian presents two issues upon appeal: whether the district court erred in denying his motion to amend his complaint, and whether the district court erred in dismissing his

---

[3]The Department did reserve the right to reconsider its decision if it became aware of any additional facts.

complaint for *forum non conveniens*. We reverse the court's decision on the first question alone, and remand this matter with guidance to the district court on the *forum non conveniens* issue.

### A.

This Court reviews a district court's denial of a plaintiff's motion to amend for abuse of discretion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citing *Health-South Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1010 (4th Cir. 1996)). It is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a). *See Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964). In this case, Galustian sought leave from the district court to amend his complaint. The court denied that motion because "in light of the court's determination that Virginia is an inconvenient forum to hear this case . . . and because it does not change the *forum non conveniens* analysis as applied to the defendant, the court finds the plaintiff's motion for leave to amend his complaint . . . MOOT." *Galustian*, 561 F. Supp. 2d at 562 n.3. Importantly, however, a plaintiff has an absolute right to amend his complaint once before a responsive pleading has been filed and need not seek leave of court to do so.[4] Fed. R. Civ. P. 15(a) (2008). Therefore, we hold the district court abused its discretion in denying Galustian's motion to amend his complaint because he had not yet amended as of right and the defendant had not filed a responsive pleading.

---

[4]As of December 1, 2009, Federal Rule of Civil Procedure 15(a) was amended to allow amendment as a matter of course to a pleading "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." As such, our reasoning in Section II.A of this opinion corresponds only to the version of Rule 15(a) in effect at the time of Galustian's motion to amend, March 2008.

In this case, Peter had not yet filed a responsive pleading, as a motion to dismiss is not considered responsive. *Domino Sugar Corp. v. Sugar Workers Local 392*, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993) (citing *United States v. Newbury Mfg. Co.*, 123 F.2d 453 (1st Cir. 1941)). Galustian then had a right to amend his complaint, with or without leave of the court to do so. Peter contends that parties do not have an absolute right to amend their pleadings when the amendment seeks to add a party. According to Peter, such an amendment should be governed not by Rule 15, but by Rule 21, which addresses the joinder and misjoinder of parties. *See* Fed. R. Civ. P. 21 (2008). While some courts have concluded that Rule 15(a) does not apply to amendments seeking to add parties, *see*, *e.g.*, *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 736 (7th Cir. 1986), most courts, including this one, have concluded otherwise. *See Mayes v. Rapoport*, 198 F.3d 457, 462 n.11 (4th Cir. 1999) ("[A]fter the case had been removed[,] Mayes filed her amended complaint naming Key as a defendant. Since the Rapoports had not answered Mayes's complaint, Mayes was not required, under Rule 15(a), to seek leave of court for amendment."); *see also United States ex rel. Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1018-19 (10th Cir. 1994); *Washington v. New York City Bd. of Estimate*, 709 F.2d 792, 795 (2d Cir. 1983); *McLellan v. Mississippi Power & Light Co.*, 526 F.2d 870, 872-73 (5th Cir. 1976), vacated in part on other grounds, 545 F.2d 919 (5th Cir. 1977) (en banc). Peter's assertion that Galustian was not entitled under Rule 15(a) to amend his complaint is therefore without merit.

Peter further argues that amendment should have been denied because it was futile; the statute of limitations had run for a claim against Holly and Galustian offered no further information as to why Iraq was not an available forum. However, the doctrine of futility only applies when the plaintiff seeks leave of court to amend and does not have a right to amend. The plaintiff's right to amend once is absolute. Therefore, the district court abused its discretion in preventing

Galustian's amendment as of right, and we reverse the district court on that ground.

## B.

We must therefore vacate the district court's order dismissing the case for *forum non conveniens* as to Peter. Because Holly was rightfully added as a defendant, the *forum non conveniens* ruling was premature. For a case to be dismissed for *forum non conveniens*, the alternate forum must be available as to *all defendants. Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000). Here, where Holly had not moved for *forum non conveniens* dismissal and no evidence was proffered regarding the availability of the forum as to Holly, dismissal for *forum non conveniens* was premature.[5] We therefore express no opinion as to the substance of the *forum non conveniens* issue, but do offer some guidance to the district court upon remand.

We review the decision of the district court on *forum non conveniens* for abuse of discretion, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511-12 (1947)), disturbing its decision only when "it fail[ed] to consider a material factor or clearly err[ed] in evaluating the factors before it, or [did] not hold the defendants to their burden of persuasion on all elements of the *forum non conveniens* analysis," *El-Fadl v. Cent. Bank of Jor-*

---

[5]Both parties seem to agree that the question of Holly's unavailability in the courts of Iraq due to immunity is an open question. As a member of the U.S. Government's mission in Iraq, Holly is certainly immune from process there under the plain language of Order 17 and the current Status of Forces Agreement between the United States and Iraq. Yet, it is unclear from the affidavits and complaint whether Holly is currently employed by the U.S. military or whether he has retired. Yet, even if he has retired from duty in Iraq, it is unknown whether he would continue to have immunity for his past acts or whether he may now be subject to jurisdiction. These unsettled questions merely serve to confirm that the dismissal of the suit was premature.

*dan*, 75 F.3d 668, 677 (D.C. Cir. 1996) (internal citation and quotation marks omitted) (citation omitted).

When moving to dismiss an action on *forum non conveniens* grounds, the defendant has the burden of proof to show the existence of an alternate, adequate, and available forum. *Kontoulas v. A.H. Robins Co., Inc.*, 745 F.2d 312, 316 (4th Cir. 1984). Thus, the defendant has the burden to "provide enough information to the District Court" to demonstrate that the alternative forum is both available and adequate. *Piper Aircraft*, 454 U.S. at 258. "Ordinarily, [the availability] requirement will be satisfied when the defendant is 'amenable to process' in the [foreign] jurisdiction." *Id.* at 254 n.22 (quoting *Gilbert*, 330 U.S. at 506-07). However, in certain cases the alternate forum is unavailable "where the remedy offered by the other forum is clearly unsatisfactory" or when the other forum does not provide for a cause of action for the plaintiff's alleged injury. *El-Fadl*, 75 F.3d at 677 (citing *Piper Aircraft*, 454 U.S. at 254 n.22) (internal quotation marks omitted). As to the second factor, a forum is considered adequate when "(1) all parties can come within that forum's jurisdiction, and (2) the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy all the same benefits as they might receive in an American court." *Fidelity Bank PLC v. N. Fox Shipping N.V.*, 242 Fed. App'x 84, 90 (4th Cir. 2007) (citing *Mercier v. Sheraton Int'l Inc.*, 935 F.2d 419, 424 (1st Cir. 1991)) (internal quotation marks omitted).[6]

To carry his burden to show that Iraq was an available alternative forum, Peter introduced an affidavit from George Hanna, an expert on the law of Iraq. While this Court does not require an exhaustive comparative law analysis from the parties or the court, Mr. Hanna's affidavits fell short of showing

---

[6]Citation to unpublished decisions is disfavored in our circuit. Loc. R. 32.1. However, much of our jurisprudence on the question of *forum non conveniens* has been in unpublished opinions. Thus, we reference those opinions as examples of the way we have approached the issue in the past.

the availability of a defamation remedy, especially in the case where serious questions arise as to whether a British citizen can bring suit in an Iraqi court. In this Court's review of the articles of the Iraqi Civil Code cited by Mr. Hanna, it does not appear certain that defamation as such is contemplated by the civil code as a cause of action. Rather, the sections cited by Mr. Hanna appear to provide for damages for reputational harms occurring as part of another injury. This Court does not question Mr. Hanna's credentials as an expert on the law of Iraq, but the showing in his affidavit is not sufficiently clear to carry the defendant's burden to show that the alternative forum offers a remedy for the plaintiff's claim. It is certainly possible, however, for Peter to submit a supplemented affidavit should the issue of *forum non conveniens* arise again.

Beyond the question of availability of the forum, the district court's consideration of the public and private factors enumerated in *Gilbert* should have given closer scrutiny to the location of the defendant's residence.[7] It is true that in cases where the plaintiff has not chosen to bring the case in his

---

[7]The private factors that a court must consider are the:

> [R]elative ease of access to sources of proof; availability of compulsory process . . . and the cost of obtaining attendance of willing[ ] witnesses; possibility of view of premises . . . ; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gilbert*, 330 U.S. at 508. The public interests are the:

> [A]dministrative difficulties [which] follow for courts when litigation is piled up in congested centers instead of being handled at its origin . . . [j]ury duty [that] is a burden that ought not be imposed upon people of a community which has no relation to the litigation . . . [the] local interest in having localized controversies decided at home . . . [and the] appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of law, and in law foreign to itself.

*Id.* at 508-09.

home country, the court need give little deference to the plaintiff's choice of forum. *Piper Aircraft*, 454 U.S. at 255-56. This lack of deference is muted, however, when the defendant is a resident and citizen of the forum he seeks to have declared inconvenient for litigation, as Peter is here. While we do not suggest that Peter's place of residence is dispositive, the district court should have examined this fact more closely in its *forum non conveniens* analysis when "the central focus of the *forum non conveniens* inquiry is convenience." *Piper Aircraft*, 454 U.S. at 249.

### III.

This Court therefore reverses in part and vacates the judgment of the district court and remands the case for proceedings consistent with this opinion.

*REVERSED IN PART,*
*VACATED AND REMANDED*