**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-6566**

VINCENT JOHN HALL,

             Plaintiff - Appellant,

      v.

DURON BURNEY, Officer; MAXTON POLICE; TOWN OF MAXTON,

             Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (7:10-cv-00184-BO)

Submitted:  October 31, 2011        Decided:  November 18, 2011

Before NIEMEYER, AGEE, and KEENAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Vincent John Hall, Appellant Pro Se.  Ronnie Monroe Mitchell, MITCHELL, BREWER, RICHARDSON, ADAMS, BURGE & BOUGHMAN, Fayetteville, North Carolina; Andrew James Santaniello, CLAWSON & STAUBES, PLLC, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to 42 U.S.C. § 1983 (2006), Vincent John Hall filed a pro se complaint against Officer Duron Burney, the Town of Maxton, North Carolina, and the Maxton Police Department, alleging that he was shot by Burney on his own property.[*] He claimed that the Town of Maxton had hired Burney part-time and failed to properly train him. Hall sought damages for medical expenses and pain and suffering. The district court granted Defendants' motion to dismiss, finding that Hall failed to state a claim against any of the Defendants. Hall timely appealed, claiming that the district court erred by dismissing his action and by denying his motion to amend his complaint. We affirm in part, vacate in part, and remand for further proceedings.

We review de novo the district court's ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir. 2011). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint."

---

[*] Hall, a private citizen, filed his complaint on a standardized form ordinarily used by prisoners filing civil actions pursuant to § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The district court found that Hall failed to state a claim under Bivens. Because Hall clarified in his informal appellate brief that his complaint sought relief under § 1983, we do not address his claims under Bivens.

2

Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted). While a pro se litigant's pleadings are "to be liberally construed," id. at 94, the facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombley, 550 U.S. 544, 555, 570 (2007). This plausibility standard does not equate to a probability requirement, but it requires "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009). Where the motion to dismiss involves "a civil rights complaint, we must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." Edwards, 178 F.3d at 244 (internal quotation marks and citation omitted).

As a preliminary matter, we agree with the district court that the Maxton Police Department was not subject to suit under § 1983. Mt. Healthy City Sch. Dist. Bd. of Educ. v.

3

Doyle, 429 U.S. 274, 280 (1977).  We therefore affirm the district court's dismissal of the claims against the police department.

Turning to Hall's claim against Burney, "[t]he Fourth Amendment's prohibition on unreasonable searches and seizures includes the right to be free of 'seizures effected by excessive force.'"  Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (quoting Schultz v. Braga, 455 F.3d 470, 476 (4th Cir. 2006)), petition for cert. filed (Oct. 11, 2011) (No. 11-458).  We conclude that Hall's allegations, albeit brief, that Burney, a police officer, entered his property and shot him was adequate to give Defendants notice of, and was sufficient to establish a plausible claim of, excessive force.

Regarding Hall's claim against the Town of Maxton, "inadequacy of police training may serve as the basis for § 1983 liability," but "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come in contact."  City of Canton v. Harris, 489 U.S. 378, 388 (1989).  While mere negligence is insufficient to expose a municipality to liability under § 1983 for failure to train, Jordan v. Jackson, 15 F.3d 333, 341 (4th Cir. 1994), a local governing body's failure to adequately train its officers can be so egregious as to warrant a finding that it amounts to a

4

policy or custom for which the municipality should be held responsible. City of Canton, 489 U.S. at 389-90.

On the record before us, we cannot state with certainty that Hall is not entitled to relief on his claim against the Town of Maxton under any plausible legal theory. It is at least possible that Hall can establish through discovery a pattern of conduct by officers indicating a lack of training and that such a lack of training resulted in the injuries Hall alleges he sustained.

Accordingly, we conclude that the district court erred by granting Defendants' motion to dismiss the claims against Burney and the Town of Maxton and therefore vacate this portion of the district court's order. Ultimately, Hall's claims may not be successful, but the validity of his claims cannot be determined until the facts surrounding his allegations are developed. See Edwards, 178 F.3d at 243 (stating that "a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" (internal quotation marks, citations, and alterations omitted)).

In addition, Hall sought to amend his complaint to add Maxton Police Captain Tammy Deese and Mayor Gladys Dean as Defendants. His proposed amended pleading alleged that they were liable for the inadequate police training. The district court denied the motion to amend as futile.

5

"A plaintiff may amend his complaint one time as a matter of course before the defendant files a responsive pleading." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (citing Fed. R. Civ. P. 15(a)). We review for abuse of discretion the denial of a motion to amend a complaint. Pub. Emps.' Ret. Ass'n v. Deloitte & Touche LLP, 551 F.3d 305, 313 n.3 (4th Cir. 2009).

"[T]he doctrine of futility only applies when the plaintiff seeks leave of court to amend and does not have a right to amend." Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010). Because no responsive pleading had yet been filed., see Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993) (motion to dismiss is not considered a responsive pleading), Hall had the right to amend his complaint with or without leave of court. Galustian, 591 F.3d at 730. We therefore conclude that the district court abused its discretion by denying Hall's motion to amend.

For these reasons, we affirm the dismissal of the claim against the Maxton Police Department, vacate the dismissal of the claims against Burney and the Town of Maxton, vacate the denial of Hall's motion to amend, and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately

6

presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>