**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1783**

_____

SAS INSTITUTE, INC.,

           Plaintiff - Appellant,

    v.

WORLD PROGRAMMING LIMITED,

           Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:10-cv-00025-FL)

_____

Submitted:  February 2, 2012         Decided:  February 16, 2012

_____

Before WILKINSON, MOTZ, and WYNN, Circuit Judges.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

Pressly M. Millen, Robert T. Numbers, II, WOMBLE CARLYLE SANDRIDGE & RICE, LLP, Raleigh, North Carolina, for Appellant. Peter Brown, Dennis O. Cohen, BAKER & HOSTETLER, LLP, New York, New York; Mark R. Sigmon, GRAEBE HANNA & WELBORN, PLLC, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

SAS Institute, Inc. ("SAS") appeals the district court's order granting World Programming Limited's ("WPL") motion to dismiss on grounds of forum non conveniens. For the reasons that follow, we reverse the judgment of the district court and remand the case for further proceedings in SAS's chosen forum.

We eschew a full recounting of the applicable facts, which are well-known to the parties. On appeal, SAS suggests several reasons why the district court erred in its forum non conveniens determination. Having thoroughly reviewed the record, we are convinced that, even assuming that the U.K. courts are an adequate and available forum for the claims raised by SAS in its North Carolina filing, the district court abused its discretion in concluding that WPL met its burden of proving that the balance of conveniences weighed in favor of dismissing the North Carolina action.

A federal court may dismiss a case on the ground of forum non conveniens "when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems."

2

_Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp._, 549 U.S. 422, 429 (2007) (alterations in original). A trial court's forum non conveniens determination "may be reversed only when there has been a clear abuse of discretion." _Piper Aircraft Co. v. Reyno_, 454 U.S. 235, 257 (1981).

Nevertheless, "the Supreme Court has established an analytical framework which, as applied by this court, must guide the district court's analysis" when it is confronted with a motion invoking forum non conveniens. _Jiali Tang v. Synutra Int'l, Inc._, 656 F.3d 242, 248 (4th Cir. 2011). Under this framework, a district court "must determine whether the alternative forum is: 1) available; 2) adequate; and 3) more convenient in light of the public and private interests involved." _Id._ Thus, a district court's forum non conveniens determination may amount to an abuse of discretion if "it failed to consider a material factor or clearly erred in evaluating the factors before it," or did not hold the movant to its "burden of persuasion on all elements of the forum non conveniens analysis." _Galustian v. Peter_, 591 F.3d 724, 731 (4th Cir. 2010). _See also Piper Aircraft_, 454 U.S. at 257.

A party seeking dismissal on grounds of forum non conveniens "ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." _Simochen_, 549 U.S. at 430. The moving party bears the burden not only of showing that an

3

adequate alternate forum exists, Jiali Tang, 656 F.3d at 249, but also "that the balance of private and public interest factors favors dismissal." Carijano v. Occidental Petroleum Corp., 643 F.3d 1216, 1224 (9th Cir. 2011). Thus, at the second stage of the forum non conveniens analysis, the movant must "provide enough information to enable the District Court to balance the parties' interests." Fidelity Bank PLC v. Northern Fox Shipping N.V., 242 F. App'x 84, 91 (4th Cir. July 13, 2007) (unpublished) (per curiam) (quoting Piper Aircraft, 454 U.S. at 258). Accord Saqui v. Pride Cent. Am., LLC, 595 F.3d 206, 213 (5th Cir. 2010) (movant bears burden of showing that the relevant factors weigh in its favor); Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 100 (2d Cir. 2000) (same).

Several considerations convince us that the district court did not hold WPL to its burden of proving that the applicable factors weighed in favor of dismissal. First, while a citizen's forum choice is not dispositive, Piper Aircraft, 454 U.S. at 255 n.23, it is nonetheless true that when a domestic plaintiff initiates litigation in its home forum, it is entitled not only to the degree of deference generally accorded to a plaintiff's choice of forum, but to a "heightened deference" based on its status as a citizen seeking a remedy in the courts of its own country. Adelson v. Hananel, 510 F.3d 43, 53 (1st Cir. 2007).

4

As a result, a domestic plaintiff's choice of its home forum is presumptively convenient. Piper Aircraft, 454 U.S. at 255-56; Adelson, 510 F.3d at 53. Accordingly, "the standard of deference for a U.S. plaintiff's choice of a home forum permits dismissal only when the defendant 'establish[es] such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent.'" Duha v. Agrium, Inc., 448 F.3d 867, 873-74 (6th Cir. 2006) (quoting Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947)). As a practical matter, therefore, "[i]n any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown." Koster, 330 U.S. at 524.

Unlike the district court, we see no reason to deprive SAS of the benefit of this presumption on the facts of this case. See Adelson, 510 F.3d at 53. Moreover, we believe the district court gave undue weight to the fact that the parties were engaged in parallel U.K. litigation. While we decline to posit that a factor's absence from the list of private and public interests explicitly enumerated in Gilbert eliminates it from the realm of permissible considerations, see Piper Aircraft, 454 U.S. at 241 n.6, we nonetheless observe that the mere presence of parallel litigation bears only marginally on

5

the touchstone of the forum non conveniens analysis; namely, convenience. See Adelson, 510 F.3d at 54; Guidi v. Inter-Cont'l Hotels Corp., 224 F.3d 142, 148 (2d Cir. 2000). The district court's stated concerns over "forum-shopping on an international scale" are likewise only marginally relevant to the question of convenience to the parties. Carijano, 643 F.3d at 1228. Instead, such an undue focus on the U.K. litigation in this case risked "convert[ing] the analysis" from balancing the respective conveniences "into a determination of which of the two pending cases should go forward." Adelson, 510 F.3d at 54.

The effect of the court's insufficient regard for the presumptive deference due to SAS' choice of forum is compounded by its consideration of the applicable public and private interest factors in the almost utter absence of WPL's production of record evidence as to any of them. Of course, a case may be dismissed for forum non conveniens only when the relevant public and private interests "strongly" favor an alternate forum. Gilbert, 330 U.S. at 508; Jiali Tang, 656 F.3d at 246. Thus WPL, which held the burden of proof, was required to show that the relevant factors weighed in its favor to such a degree that they surmounted the significant presumption already weighing against it.

This, on any plausible reading of the record, WPL failed to do. Even before this court, WPL fails to identify any

6

specific record evidence pertaining to any of the relevant factors, other than a single barebones declaration observing that most of WPL's employees and documents are located in the U.K. While a party seeking forum non conveniens dismissal is not required to undertake "extensive investigation" in order to demonstrate that its private interests would be adversely impacted by the continuance of the litigation, Piper Aircraft, 454 U.S. at 258-59, a movant must nevertheless produce at least some evidence demonstrating that its interests would be unduly affected by the challenged litigation. See Carijano, 643 F.3d at 1231; Duha, 448 F.3d at 877. Even now, WPL can point to precious little in the record to support the district court's conclusions that "all or most of the evidence" would be found in the U.K., and that there would be "myriad" U.K. witnesses whom it would be "cost[ly]" to transport to testify in North Carolina, and our review of the record has uncovered nothing more. See also DiRienzo v. Philip Servs. Corp., 294 F.3d 21, 30 (2d Cir. 2002) (noting that factors such as the location of evidence and witness travel costs are hassles that, absent "a satisfactory explanation," do not demonstrate that "a trial in the United States would be so oppressive and vexatious to [the defendant] as to be out of all proportion to plaintiffs' convenience.").

Particularly when ranged against the strong presumption in favor of SAS' choice of its home forum, we are constrained to conclude that the scant evidence pertaining to the inconvenience that would be suffered by WPL as the result of the North Carolina forum cannot suffice to meet WPL's burden of tipping the balance of conveniences "strongly" in WPL's favor. Gilbert, 330 U.S. at 508. We can only conclude on this record that WPL failed to bear its burden and that the district court "committed a legal error by failing to hold [WPL] to [its] burden of proof." DiRienzo, 294 F.3d at 30. As a consequence, the district court abused its discretion by "striking an unreasonable balance of [the] relevant factors." Carijano, 643 F.3d at 1234 (quoting Ravelo Monegro v. Rosa, 211 F.3d 509, 511 (9th Cir. 2000)); Adelson, 510 F.3d at 54.[*]

Accordingly, we reverse the judgment of the district court and remand the case for proceedings not inconsistent with this opinion and in SAS's chosen forum. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument will not aid the decisional process.

REVERSED AND
REMANDED

---

[*] Due to this conclusion, we need not reach the other arguments asserted by the parties in this appeal.

8