**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-2389**

───────────

DANIEL J. NEWBANKS, on behalf of themselves and all others
similarly situated; JENNIFER WALTON, on behalf of
themselves and all others similarly situated,

        Plaintiffs - Appellees,

    v.

CELLULAR SALES OF KNOXVILLE, INC.; CELLULAR SALES OF SOUTH
CAROLINA, LLC,

        Defendants - Appellants.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Cameron McGowan Currie, District
Judge.  (3:12-cv-01420-CMC)

───────────

Argued:  November 6, 2013        Decided:  December 3, 2013

───────────

Before GREGORY, DAVIS, and THACKER, Circuit Judges.

───────────

Affirmed by unpublished opinion.  Judge Davis wrote the opinion,
in which Judge Gregory and Judge Thacker joined.

───────────

**ARGUED**:  Charles Larry Carbo, III, CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY, Houston, Texas, for Appellants.  Robert D.
Dodson, LAW OFFICES OF ROBERT DODSON, P.A., Columbia, South
Carolina, for Appellees.  **ON BRIEF**:  Ryan Cantrell, Julie R.
Offerman, CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY,
Houston, Texas; Page M. Kalish, ROBINSON, MCFADDEN & MOORE,
P.C., Columbia, South Carolina, for Appellants.  W. Jonathan
Harling, HARLING & WEST, LLC, Lexington, South Carolina; Peter

D. Protopapas, RIKARD & PROTOPAPAS, LLC, Columbia, South Carolina; Noah M. Hicks II, LAW OFFICES OF NOAH HICKS, LLC, Columbia, South Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

DAVIS, Circuit Judge:

This interlocutory appeal involves the scope of an arbitration provision signed by Daniel Newbanks and Jennifer Walton (collectively "Appellees") at the beginning of their at-will employment with Cellular Sales of Knoxville, Inc. and Cellular Sales of South Carolina, LLC (collectively "Cellular Sales" or "Appellants"). Newbanks and Walton subsequently filed suit against their employers, alleging that their relationship with Cellular Sales violated the Fair Labor Standards Act and the South Carolina Payment of Wages Act. Cellular Sales now challenges the district court's denial of their motion to compel arbitration of the dispute. We are satisfied that Appellees are not bound by an agreement to arbitrate their claims in this case. Accordingly, we affirm the district court's order and remand the case for further proceedings.

I.

A.

Appellants own and operate a chain of stores that sell cellular service plans, equipment, and accessories. Appellants' relationship originated with Newbanks in May 2011 and with Walton in October 2011. At that point, limited liability companies owned by Newbanks and Walton ("Sales Corporations") entered into sales contracts with Cellular Sales ("Independent

3

Sales Agreements"). The Independent Sales Agreements did not name or bind Newbanks and Walton in their individual capacities.

As set forth in the Independent Sales Agreements, each Sales Corporation became an independent contractor of Cellular Sales. The Sales Corporations were to market Cellular Sales' products in certain areas and would be paid sales commissions by Cellular Sales. The Independent Sales Agreements expressly covenanted that "[e]ach person who is engaged by the Sales Corporation to render services . . . shall be an employee of the Sales Corporation and not of [Cellular Sales]." J.A. 30. Employees of the Sales Corporations were therefore not "entitled to receive any compensation, benefits, vacation or vacation pay, sick leave, participation in a retirement program, health insurance, disability insurance, unemployment benefits or other benefits" from Cellular Sales. Id. at 31.

At the end of 2011, however, Cellular Sales revised the contractual arrangement. The new arrangement was memorialized in a second set of contracts ("Compensation Agreements"), which were this time executed between Cellular Sales and Newbanks and Walton in their individual capacities on or about December 30, 2011. Pursuant to the Compensation Agreements, Newbanks and Walton became at-will employees of Cellular Sales and their compensation was to be paid to them individually. The Compensation Agreements did not reference Cellular Sales'

4

Independent Sales Agreements or its prior business relationship with the Sales Corporations.

Of relevance to the instant appeal, the Compensation Agreements included the following arbitration provision:

> All claims, disputes, or controversies arising out of, or in relation to this document or Employee's employment with Company shall be decided by arbitration utilizing a single arbitrator in accordance with the Expedited Labor Arbitration Procedures of the American Arbitration Association ("AAA"). . . . The right to arbitrate shall survive termination of Employee's employment with Company.

J.A. 70. The provision further directed that any such disputes would only be arbitrated in an individual capacity "and not as a plaintiff or class member in any purported class, collective action, or representative proceeding." Id. Each party was to bear its own legal expenses, and employees would be precluded from receiving punitive damages.

Newbanks and Walton's employment with Cellular Sales ended sometime in March and April 2012, respectively. They filed the instant putative collective and class action on May 29, 2012.

B.

Newbanks and Walton bring this action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., and the South Carolina Payment of Wages Act (SCPWA), S.C. Code Ann. § 41-10-10 et seq. In their complaint, Newbanks and Walton allege that Cellular Sales had, pursuant to the Independent Sales

5

Agreements, improperly classified their employment status as independent contractors in violation of federal and state labor law. Because of Cellular Sales' exercise of "actual control" over their work – specifically their hours, duties, and company procedures and protocols - Newbanks and Walton contend that they were acting as employees under the FLSA and corresponding state law. J.A. 12, 21-23. Cellular Sales denied these allegations.

Relying on the arbitration provision contained in the Compensation Agreements signed by Newbanks and Walton, Cellular Sales thereafter moved to dismiss and compel arbitration of the dispute. Newbanks and Walton's original complaint had not made any reference to the Compensation Agreements' arbitration requirement, nor had it alleged a specific time frame for Cellular Sales' violations. In response to Cellular Sales' motion to compel arbitration, however, Newbanks and Walton moved to amend their complaint. The amended complaint limited its scope "to only those acts occurring prior to the execution of the compensation agreements[.]" J.A. 111. They attached a proposed amended complaint to their motion.

On October 18, 2012, the district court granted the motion to amend the complaint and denied the motion to compel arbitration. It reasoned that under Fed. R. Civ. P. 15(a)(2), leave to amend should be "freely given," and the plaintiffs'

proposed complaint was not futile.[1] J.A. 146. Having accepted the amended pleading, the district court declined to send the newly-tailored dispute to arbitration. In particular, it relied on the arbitration provision's language directing to arbitration those "claims, disputes, or controversies arising out of, or in relation to this document or Employee's employment with Company." J.A. 150. It concluded that this language did not contemplate disputes arising when Newbanks and Walton's Sale Corporations were independent contractors of Cellular Sales – that is, prior to their execution of the Compensation Agreements in December 2011. Because the plaintiffs' amended complaint limited its claims to those pre-dating the execution of the Compensation Agreements, the court found that the complaint fell outside the scope of the arbitration provision.

Cellular Sales filed a timely notice of appeal solely as to the district court's denial of its motion to compel. Appellate jurisdiction is proper under Section 16 of the Federal Arbitration Act, 9 U.S.C. § 16(a)(1)(C).

II.

The primary issue on appeal is whether the district court properly held that the Compensation Agreements' arbitration

---

[1] In fact, as Cellular Sales had not yet filed a responsive pleading, no motion to amend was necessary. Fed. R. Civ. P. 15(a); Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010).

7

provision did not apply to FLSA and SCPWA-based claims arising before Newbanks and Walton became at-will employees of Cellular Sales.[2] We review de novo a district court's conclusions regarding the arbitrability of a dispute, including a decision to deny a motion to compel arbitration. Noohi v. Toll Bros., Inc., 708 F.3d 599, 605 (4th Cir. 2013); Levin v. Alms & Assocs., Inc., 634 F.3d 260, 266 (4th Cir. 2011).

The parties agree that the arbitration provision at issue is governed by the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq. The Supreme Court has interpreted the FAA to endorse a "liberal federal policy favoring arbitration agreements" and has instructed courts examining arbitration provisions to afford a

---

[2] At oral argument, Appellees put forth an argument regarding the enforceability of the arbitration provision. They contended, for the first time, that the provision was unenforceable because it sought to take away certain rights afforded by the FLSA, including the right of a prevailing party to reasonable attorney's fees, 29 U.S.C. § 216(b). Cf. Muriithi v. Shuttle Express, Inc., 712 F.3d 173, 181 (4th Cir. 2013) ("A fee-splitting provision can render an arbitration agreement unenforceable if, under the terms of the provision, an aggrieved party must pay arbitration fees and costs that are so prohibitive as to effectively deny the employee access to the arbitral forum.") (internal citation omitted). Appellees did not, however, make their unenforceability argument in their briefs before the district court or this court, and Appellants did not have the opportunity to file a written response. For this reason, we will not address this argument.

Appellees have also previously contested the appealability of the district court's order, but we reject that argument. See 9 U.S.C. § 16(a)(1)(C).

heavy presumption in favor of arbitration. CompuCredit Corp. v. Greenwood, 132 S. Ct. 665, 669 (2012) (internal citation omitted). "Doubts should be resolved in favor of coverage." AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986) (internal citation omitted).

Because an arbitration provision's scope and applicability is a matter of contract interpretation, however, "ordinary state-law principles that govern the formation of contracts" still apply. First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995). It is well-settled that a "party cannot be required to submit to arbitration any dispute which he has not agreed to so submit[.]" Levin, 634 F.3d at 266.

In the instant case, the scope of the Compensation Agreements' arbitration requirement is as follows: "All claims, disputes, or controversies arising out of, or in relation to this document [the Compensation Agreement] or Employee's employment with Company shall be decided by arbitration[.]" J.A. 70 (emphasis added). We now consider whether Newbanks and Walton's amended complaint, which is limited to allegations based on acts and omissions that occurred prior to the date they became at-will employees of Cellular Sales, falls within this provision's scope.

We conclude that the arbitration provision, in particular its "Employee's employment with Company" clause, does not

9

contemplate the allegations contained in the amended complaint.[3] Newbanks and Walton's amended complaint specifically excludes any acts of Cellular Sales occurring after the execution of the Compensation Agreements in December 2011. Prior to December 2011, however, Newbanks and Walton were not employees of Cellular Sales. In fact, they did not have any formal or contractual relationship with Cellular Sales at all.

During the time period at issue in the amended complaint, Newbanks and Walton had never signed any contract with Cellular Sales in their individual capacities. The only relevant document was the Independent Sales Agreement, but this document was executed between Cellular Sales and the Sales Corporations, not Newbanks and Walton. It expressly designated the relationship between the Sales Corporations and Cellular Sales as "that of an independent contractor," not employee. J.A. 30. It further covenanted that "[e]ach person who is engaged by the Sales Corporation to render services . . . shall be an employee of the Sales Corporation and not of [Cellular Sales]." Id. (emphasis added).

---

[3] Nor does the instant dispute arise out of or relate to the Compensation Agreement itself, because Newbanks and Walton's amended complaint specifically excludes the time period following the execution of the Compensation Agreement.

10

Newbanks and Walton did not become at-will employees of Cellular Sales until December 2011, when they executed the Compensation Agreements. By that same document, they also agreed to arbitrate disputes arising from or related to "Employee's employment with Company." We conclude that this arbitration requirement only applies to causes of action accruing from the execution of the Compensation Agreements and onward.

We reach this conclusion under the plain language of the contract. The first paragraph of the Compensation Agreement informed the signer that he or she had become an at-will employee of Cellular Sales.[4] It then proceeded to set forth the parties' mutual obligations, including, but not limited to, an employment-related arbitration provision. It did not make any suggestion that the contract's repeated references to "Employee" entailed something more than that established by the instant document.

Cellular Sales, the drafter of the agreement, could have specified that the arbitration provision encompassed its previous relationship with Newbanks and Walton and/or their Sales Corporations (and/or the employees of their Sales

---

[4] Indeed, Cellular Sales does not dispute that Newbanks and Walton did not become at-will employees of Cellular Sales until the execution of the Compensation Agreements in December 2011. J.A. 67.

11

Corporations), but it did not do so. It did not, for example, covenant that disputes arising from the parties' independent contractor-contractee relationship be directed to arbitration. It also did not incorporate by reference the Independent Sales Agreements with the Sales Corporations; in fact, it did not reference the Agreements at all.

Conversely, Cellular Sales could have crafted a broad, open-ended arbitration provision that encompassed the instant dispute, but it did not do that, either. Although the arbitration requirement did not contain a temporal qualification, it is qualified by its reference to disputes arising from "Employee's employment with Company." The fact that the provision implicates this contractual relationship is significant to our analysis.

We have previously held that temporally-broad arbitration provisions may be retroactively applied to causes of action that accrued prior to the execution of the arbitration agreement. In Levin, for example, we considered a provision referring to an arbitrator "any dispute" between the parties. 634 F.3d at 266-67. "[G]iven the broad scope of the arbitration clause applying to 'any dispute' between the parties, and in light of the arbitrability presumption that applies with special force to broadly written clauses," we held that claims that accrued before the provision's execution were subject to arbitration.

12

Id. at 269; see also Cara's Notions, Inc. v. Hallmark Cards, Inc., 140 F.3d 566, 569-70 (4th Cir. 1988).

The case at hand is different. In contrast to the provision in Levin, which directed "any dispute" between the parties to arbitration, the instant provision only applies to disputes related to or arising from "Employee's employment" with Cellular Sales.[5] Yet prior to the execution of the Compensation Agreements in December 2011, there existed no employment relationship between Cellular Sales and Newbanks and Walton. We will not read the arbitration agreements to apply to a relationship, a contractual status, that simply did not exist.[6]

---

[5] We have previously suggested that a change in the parties' contractual relationship may limit the ability of a later-executed arbitration provision to be applied retroactively. In Levin, we considered the reasoning of a district court case, Hendrick v. Brown & Root, Inc., 50 F. Supp. 2d 527 (E.D. Va. 1999), which held that an arbitration clause in the last of a series of project-by-project contracts did not apply to claims accruing under previous contracts. We distinguished Hendrick on the ground that the parties there had "stop-and-go business dealings that periodically ended completely and began from scratch again." Levin, 634 F.3d at 269. In the instant case, the contractual relationship between Cellular Sales and Newbanks and Walton was substantially modified by the execution of the Compensation Agreements.

[6] Prior to December 2011, Newbanks and Walton were not employed by Cellular Sales, and no privity as to their Sales Corporations has been alleged. Reading the arbitration language literally, then, it is impossible for Newbanks and Walton's pre-December 2011 claims to have "aris[en] out of," or been "relat[ed] to" "Employee's employment with Company." J.A. 70.

13

Cellular Sales urges us to look beyond the contractual language in the Compensation Agreements and to rely instead on the legal arguments made in Newbanks and Walton's pleadings. In their complaint, Newbanks and Walton had alleged that they qualified as "employees" under the standard set forth in the FLSA and corresponding state law; Cellular Sales argues that the plaintiffs' legal position in their complaint should inform our interpretation of the arbitration provision. In other words, as Cellular Sales' argument goes, Newbanks and Walton contended in their pleadings that they are "employees," and they should be treated as such for purposes of their previously-executed arbitration provision, as well.

We agree with Cellular Sales' general premise that courts look to the plaintiff's complaint to determine if its subject matter is within the ambit of that negotiated in the arbitration provision. This analysis, however, does not lead us to Cellular Sales' ultimate conclusion.

First, as a technical matter, Cellular Sales misstates a nuance of the Appellees' argument. Newbanks and Walton's complaint does not allege that they were contractual employees of Cellular Sales prior to December 2011. Instead, they contend that Cellular Sales misclassified them as independent contractors when they in fact met the criteria of actual employees under the FLSA's definition. See, e.g., J.A. 21. The

14

complaint underscores the legal distinction between a contractually-defined employee-employer relationship and a statutorily-defined one.[7] Cf. Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 740 (1981).

Second, and more fundamentally, Cellular Sales overemphasizes the significance of the Appellees' legal pleadings. Our role in this dispute is one of contract interpretation, of determining what the parties contemplated when agreeing to arbitrate, and the legal positions a party may later take is of minimal utility, if any at all, to our analysis. The arguments made in a plaintiff's pleadings do not supersede the language of the contract, especially when the plain language of the contract provides a clear and contrary conclusion.

## III.

Here, the arbitration provision plainly stated that disputes related to "Employee's employment with Company" were to be resolved in arbitration. Newbanks and Walton were not

---

[7] Of course, as we have said, our discussion of Newbanks and Walton's at-will employment is rooted solely in our task to review the district court's interpretation of the relevant contract: whether Newbanks and Walton were, under the relevant contracts, employees of Cellular Sales. We express no view as to whether Appellees were entitled to enjoy the benefits of an actual employee under the FLSA and corresponding state law, as they contend in the amended complaint.

employees of Cellular Sales until the execution of the Compensation Agreements. We thus agree with the district court that the arbitration provision does not apply to claims that accrued prior to the signing of the Compensation Agreements, and that the amended complaint's claims fall outside the scope of the arbitration provision. Accordingly, the district court's order is

AFFIRMED.