**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-7582

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RASEAN BARKER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Michael F. Urbanski, District Judge. (7:13-cr-00072-MFU-RSB-1; 7:16-cv-80975-MFU-RSB)

Submitted: June 27, 2017                                    Decided: July 6, 2017

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Rasean Barker, Appellant Pro Se. Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia; Charlene Rene Day, Assistant United States Attorney, Roanoke, Virginia; Jean Barrett Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rasean Barker seeks to appeal the district court's order dismissing as untimely his 28 U.S.C. § 2255 (2012) motion. Although "[t]he parties . . . have not questioned our jurisdiction[,] . . . we have an independent obligation to verify the existence of appellate jurisdiction" and may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted); *see* 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Id.*

In his initial § 2255 motion, Barker challenged his designation as an armed career criminal. The Government moved to dismiss Barker's motion as untimely. Barker, a federal inmate acting pro se, timely responded to the Government's motion to dismiss, *see Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that prisoner's notice of appeal deemed filed on date he delivered it to prison officials for mailing to court), and asserted a new claim regarding the statutory maximum sentence for his drug offense. It appears that the district court did not consider Barker's response or the newly raised challenge to the sentence for his drug offense. *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010) (explaining that motion to dismiss is not considered responsive, so plaintiff had right to

2

amend complaint once with or without leave of court). Because the district court did not rule on this potential claim, the court "never issued a final decision on [Barker's § 2255 motion]." *Porter*, 803 F.3d at 696. Thus, we lack jurisdiction over the appeal.

Accordingly, we deny leave to proceed in forma pauperis, dismiss the appeal, and remand to the district court for consideration of Barker's response and potential claims contained therein. We express no opinion on the ultimate disposition of any additional claims or on the district court's determination that Barker's § 2255 motion was not timely filed. *See id.* at 699. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*