## SPORIA et al. v. PENNSYLVANIA GREYHOUND LINES, Inc.

### Civil Action No. 2692.

District Court, W. D. Pennsylvania.

Sept. 3, 1943.

George I. Bloom, of Washington, Pa., for plaintiff.

Dickie, Robinson & McCamey, of Pittsburgh, Pa., for defendant.

---

## SIMMONS CO. v. CANTOR et al.

### Civil Action No. 2504.

District Court, W. D. Pennsylvania.

Aug. 23, 1943.

Edward A. Lawrence, of Pittsburgh, Pa., for plaintiff.

Green & McCallister, of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

After complaint filed, counsel for defendant filed a consolidated motion to dismiss, a motion to dismiss and motion for a bill of particulars. Plaintiff, on the day fixed for argument upon the motion, moved for permission to file an amended complaint, and to that motion counsel for defendant verbally objected, alleging that the amendment was defective and insufficient. Written exceptions or objections to the amended complaint were not filed, but counsel for plaintiff agreed that the written brief filed on the day set for hearing upon defendants' motion to dismiss etc. might be considered in lieu of formal objections.

The court regrets that it feels that it should not be called upon to display an amiability equal to that of counsel for the plaintiff. To do so would require it to examine both the complaint and the amendment to determine just which of the objections urged against the complaint applied to the amendment. No answer having been filed, the amendment will be allowed as of course. Rule 15, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Counsel for defendants may then file specific motions or exceptions to it.