**Leonard H. JONES, Plaintiff,**

v.

**ELECTRODYNE COMPANY, Inc.,
Defendant.**

**No. 14403–1.**

United States District Court
W. D. Missouri, W. D.
Dec. 17, 1963.

———◆———

Charles W. Medley, Margolin & Kirwan, Kansas City, Mo., for plaintiff.

Carl E. Enggas, Robert B. Olsen, Kansas City, Mo., for defendant.

**JOHN W. OLIVER, District Judge.**

The following three separate motions presently pend in this removed action:

(a) Defendant's Motion to Dismiss or to Quash Return of Service of Summons;

(b) Plaintiff's Motion for Order Compelling Answers to Interrogatories (Defendant answered most but not all of plaintiff's interrogatories subsequent to the filing of plaintiff's motion but that motion is not moot in regard to interrogatories 17 and 18;

(c) Plaintiff's motion for leave to file amended complaint and to bring in additional defendants under Federal Rules of Civil Procedure Rule 21.

In regard to the third motion, both parties concede that the joinder of additional resident defendants will require that the entire case be remanded to the State court. Defendant suggests that plaintiff's motion to amend is premature; that we should first rule defendant's motion to dismiss; that should we sustain that motion the case in its present posture would be at an end. Defendant concedes that plaintiff could in that event, if he wishes, commence a new action in the State court and that should we sustain defendant's position in its entirety, we would not have to consider "the troublesome question whether plaintiff should be permitted to bring in resident defendants as additional parties and thereby destroy the court's diversity jurisdiction". We think there are questions lurking in this case that are much more troublesome than that one.

■ Defendant has not yet filed a responsive pleading to plaintiff's complaint. Under Rule 15(a) leave of court to amend is therefore unnecessary.

Real questions, troublesome or otherwise, exist as to whether, after amendment, the process of this Court may and should be used to bring in the additional resident defendants and whether we should rule defendant's motion to dismiss or to quash service before this case is eventually remanded or refiled in the State court.

■■ We do not think our diversity jurisdiction is destroyed until at least one resident defendant named in the amended complaint is actually made a party to this action, i. e., until such a defendant is actually served. Plaintiff should therefore determine whether he wants to dismiss without prejudice and file a new action in the State court or whether he wants to use the process of this Court to attempt to get all of the new resident defendants into this Court before remand is made.

We can see advantages to the plaintiff to beginning with a clean slate in the State court, not only from the viewpoint of commencing work in the State court from scratch, but also to avoid any questions of valid service on the resident defendants who are served after the first resident defendant is served. We do not rule that question; we merely point out that such a question might be raised in State court after remand and that such question could be avoided by a new start. We indicate only that we will permit plaintiff either to dismiss without prejudice or to amend and to bring in additional parties. We will not rule on the validity of the service on the additional resident defendants beyond a determination that valid service must be had on at least one of such resident defendants named in the amended complaint. Such a determination is necessary before we could exercise our power to remand. Beyond that, we will not rule.

In light of the fact that this case will not in any event remain in this Court neither will we rule on defendant's motion to dismiss or to quash service for reasons we now state.

Counsel have advised that no Missouri court has either construed the precise meaning and intended scope of Section 351.630(2), V.A.M.S.; or has any Missouri court passed on whether or not there is a real legal difference between state statutes which authorize service in "causes of action arising in" a particular state and a statute, such as Missouri's Section 351.630(2), which authorizes service on a foreign corporation that

"commits a tort" in that state; nor has a Missouri court applied the rules of decision of International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); and other applicable decisions of the Supreme Court of the United States to its construction of Section 351.630(2).

In addition, defendant also contends in support of its motion to dismiss and to quash that the Missouri courts have applied the doctrine of MacPherson v. Buick Motor Company, 217 N.Y. 382, 111 N.E. 1050, in a very narrow manner and that plaintiff can neither get service nor recover on the implied warranty theory alleged in Count II for the reason that the Missouri courts have held that actions for implied warranty arise basically from contract and not tort, and that in any event, privity is still a necessary element in actions for implied warranty under the Missouri rules of decision.

We are quite convinced that proper deference to the basic considerations that underlie our diversity jurisdiction and the relationship that State and federal courts occupy in the delicate balance of our concepts of dual sovereignty require that we, as a federal court, should not express any judgment concerning either the meaning or constitutionality of Section 351.630(2) nor should we express what can only be at best an advisory judgment on difficult and perhaps close questions of State law in a case that we know will not remain in our court for our final determination.

We therefore will not rule defendant's motion to dismiss or to quash service before this case is either dismissed without prejudice or remanded to the State court after at least one additional resident defendant is made a party in this court pursuant to the amended complaint that will be filed.

Orderly procedure also suggests that counsel be given five (5) days within which to determine what the next best step may be in this litigation in light of what we have here determined. Accordingly, counsel for the plaintiff shall, within the five (5) day period, prepare and submit to counsel for the defendant for approval as to form, and shall thereafter present to the Court, a suggested formal order in accord with what we have determined in this Memorandum and Order.

It is so ordered.