**Wanda CURETON, Plaintiff,**

v.

**UNITED STATES MARSHAL SERVICE, U.S. Marshal John Doe, United States of America, Defendants.**

**No. CIV.A.03–1531(RMU).**

United States District Court,
District of Columbia.

June 28, 2004.

Jenifer Wicks, Washington, DC, for Plaintiff.

Dorann E. Banks, United States Department of Justice, US Attorneys Office, Civil Division, Washington, DC, for Defendants.

## MEMORANDUM OPINION

URBINA, District Judge.

### GRANTING THE DEFENDANTS' MOTION TO DISMISS; DISMISSING THE CASE WITHOUT PREJUDICE

### I. INTRODUCTION

Plaintiff Wanda Cureton brings suit under the Federal Tort Claims Act ("the FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, and 42 U.S.C. § 1983 against the U.S. Marshals Service ("the USMS"), U.S. Marshal John Doe, and the United States (collectively, "the defendants") after suffering an attack by her husband while he was in USMS custody.[1] She alleges both negligence and the violation of her Fifth Amendment due-process rights. In response, the defendants move to dismiss for lack of subject-matter jurisdiction and failure to state a claim on which relief may be granted. Because the plaintiff failed to exhaust her administrative remedies under the FTCA and does not address the defendants' arguments with regard to section 1983, the court grants the defendants' motion to dismiss and dismisses the case without prejudice.

### II. BACKGROUND

After being threatened and harassed by her husband, the plaintiff filed for and received a civil-protection order from the Superior Court for the District of Columbia. Am. Compl. ¶¶ 6–7. The order prohibited the plaintiff's husband from, *inter alia*, contacting the plaintiff in any man-

---

1. Although the plaintiff does not specifically cite to the FTCA in her complaints, she refers to the FTCA in her opposition and the defendants treat her negligence claims as FTCA claims. *See generally* Compl.; Am. Compl.; Defs.' Mot. to Dismiss; Pl.'s Opp'n; Defs.' Reply.

ner. *Id.* ¶ 7. The plaintiff's husband, however, violated the order and the court set trial for July 17, 2000. *Id.* ¶ 8. The plaintiff alleges that on the day of trial, her husband—who was in USMS custody—escaped and attacked her. *Id.* ¶¶ 9–10. As a result of the attack, the plaintiff states that she sustained temporary and permanent injuries that necessitated medical attention. *Id.* ¶¶ 11, 18.

In July 2001, the plaintiff sent a letter to the USMS informing the agency of her intent to sue the USMS for $100,000 in damages.[2] Defs.' Mot. to Dismiss ("Defs.' Mot.") Ex. 1. Approximately one year later, the plaintiff filed a Standard Form 95 administrative claim ("the SF–95 claim") with the USMS for personal-injury damages. *Id.* Ex. 2. The SF–95 claim appeared to contain a discrepancy, however, listing $150,000 as the personal-injury claim amount yet at the same time identifying $50,000 as the total claim amount.[3]

*Id.* The defendants requested but did not receive clarification as to the exact amount claimed. *Id.* at 3.

■ One year after filing her SF–95 claim, the plaintiff filed suit in this court against the USMS and U.S. Marshal John Doe, alleging three counts of negligence ("the FTCA claims") and one count of violation of her due-process rights ("the section 1983 claim"). Compl. ¶¶ 19–28. For each count, she sought $200,000 in compensatory damages and $200,000 in punitive damages. *Id.* The defendants then moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted. The plaintiff subsequently moved to amend her complaint to add the United States as a defendant,[4] and the court granted her motion.[5] Am. Compl. at 1; Minute Order dated Apr. 5, 2004. The court now turns to the defendants' motion to dismiss.[6]

---

2. There is no indication in the record that the plaintiff went forward with litigation at that time. *See generally* Civil Docket No. 03–1531.

3. The plaintiff states that the defendants "misread[] the handwriting [on the SF–95 claim]—the '1' government counsel reads as the '1' in $150[,]000 is rather the second line in the '$' sign." Pl.'s Opp'n at 1.

4. The plaintiff appears to have amended her complaint to add defendant United States in response to the defendants' assertion that the FTCA does not create a cause of action against the USMS. Defs.' Mot. at 4. The court notes that "the United States is the only proper party defendant in actions brought under the FTCA." *Seitu v. Rutherford,* 1997 WL 122919 at *1 (D.D.C. Mar.12, 1997) (dismissing an FTCA case brought against the USMS). Rather than replacing the existing defendants with the United States, however, the plaintiff simply added the United States. *See* Am. Compl. In light of the court's action today, the court need not dismiss the claims against the USMS and U.S. Marshal John Doe on this ground.

5. Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend the complaint once at

any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss. *James V. Hurson Assocs., Inc. v. Glickman,* 229 F.3d 277, 282–83 (D.C.Cir.2000) (citing FED. R. CIV. P. 15(a)). Although the plaintiff was entitled to amend her complaint as a matter of course, her filing of a motion for leave to amend does not nullify her right to amend and invoke the court's authority to deny leave. *E.g., Pure Country, Inc. v. Sigma Chi Fraternity,* 312 F.3d 952, 956 (8th Cir.2002).

6. "It is well established that the amended pleading supersedes the original pleading." *Wellness Community–National v. Wellness House,* 70 F.3d 46, 49 (7th Cir.1995). Because the amended complaint is identical to the original complaint but for the addition of defendant United States, however, the court exercises its discretion and applies the pending motion to dismiss to the amended complaint. Defs.' Reply at 2–3 (incorporating by reference the defendants' arguments against the original complaint); *e.g., St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd.,* 1996 WL 19028, at* 10 n.27 (S.D.N.Y. Jan. 17, 1996) (noting that a court may apply

## III. ANALYSIS

### A. The Court Lacks Subject– Matter Jurisdiction Over the FTCA Claims

#### 1. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

■ Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C.Cir.2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

■ Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C.Cir. 2003) (quoting *Ins. Corp.· of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *Rasul v. Bush*, 215 F.Supp.2d 55, 61 (D.D.C.2002) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). The court may dismiss a complaint for lack of subject-matter jurisdiction only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Empagran S.A. v. F. Hoffman–LaRoche, Ltd.*, 315 F.3d 338, 343 (D.C.Cir.2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C.Cir.2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C.2001). Moreover, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds*, 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C.Cir.1992).

#### 2. The Plaintiff Failed to Exhaust Her Administrative Remedies

■ The FTCA "grants federal district courts jurisdiction over claims arising from certain torts committed by federal employees in the scope of their employment, and waives the government's sovereign immunity from such claims." *Sloan v. Dep't of Housing & Urban Dev.*, 236 F.3d 756, 759 (D.C.Cir.2001) (citing 28 U.S.C. §§ 1346(b) & 2674). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (upholding the district court's dismissal of an unexhausted FTCA claim for lack of jurisdiction); *see*

a motion to dismiss a complaint to a subsequent amended complaint).

*also Grant v. Sec'y, U.S. Dep't of Veterans Affairs*, 2004 WL 287125, at *1 (D.C.Cir. Feb.4, 2004) (same). Under the FTCA, exhaustion occurs once a claimant has presented the appropriate federal agency with a claim describing the alleged injury with particularity and setting forth a "sum certain" of damages, and the agency has (1) denied the claim in writing or (2) failed to provide a final disposition within six months of the claim's filing. 28 U.S.C. § 2675(a); *Grant*, 2004 WL 287125, at *1. The presentment requirement "allow[s] the agency to investigate and assess the strength of the claim [and] make an informed decision whether to attempt settlement negotiations." *Grant*, 2004 WL 287125, at *1 (citing *GAF Corp. v. United States*, 818 F.2d 901, 919–20 (D.C.Cir. 1987)).

■ Giving the plaintiff every benefit of the doubt, the court concludes that she has not satisfied the FTCA's presentment requirement. *Id.* It appears that her SF–95 claim described the plaintiff's injury with particularity. Defs.' Mot. Ex. 2 (indicating that the plaintiff submitted an attachment describing the known facts and circumstances attending the injury). Instead of setting forth the "sum certain" in damages required by the FTCA, however, the plaintiff's SF–95 claim contains what appeared to be contradictory claim amounts. *Id.* Moreover, the plaintiff never responded to the defendants' request for clarification. *Id.* at *3; Defs.' Reply at 2; *see generally* Pl.'s Opp'n (failing to dispute the defendants' statement that the plaintiff did not respond to the clarification request). Because the SF–95 claim does not set forth the requisite "sum certain," the plaintiff has not exhausted her remedies and the

court lacks subject-matter jurisdiction over her FTCA claims.[7] 28 U.S.C. § 2675(a); *McNeil*, 508 U.S. at 113, 113 S.Ct. 1980; *Grant*, 2004 WL 287125, at *1. The court therefore grants the defendants' motion to dismiss the FTCA claims, but does so without prejudice pending exhaustion of her administrative remedies. *Empagran*, 315 F.3d at 343; *e.g., Bois v. Marsh*, 801 F.2d 462, 471 (D.C.Cir.1986) (directing the lower court to dismiss a plaintiff's claims without prejudice pending exhaustion of her administrative remedies).

## B. The Court Treats the Defendants' Section 1983 Arguments As Conceded

The defendants ask the court to dismiss the plaintiff's section 1983 claim, stating that "[b]y its plain terms, section 1983 does not apply to federal officials acting under color of federal law," but only to officials acting under color of state law. Defs.' Mot. at 5. The defendants argue that the plaintiff simply has not alleged any facts that suggest that USMS acted under state law. *Id.* at 6. In her two-page opposition, the plaintiff does not respond to these arguments. *See generally* Pl.'s Opp'n (focusing solely on the defendants' arguments regarding the plaintiff's FTCA claims and making no reference to her section 1983 claim).

■ When a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the case. *Stephenson v. Cox*, 223 F.Supp.2d 119, 121 (D.D.C.2002); *Day v. D.C. Dep't of Consumer & Regulatory Affairs*, 191 F.Supp.2d 154, 159 (D.D.C.

---

7. Curiously, although the plaintiff's July 2001 letter described the plaintiff's alleged injury and set forth a sum certain, the plaintiff specifically disavows that letter, stating that "the actual FT[C]A claim that . . . gives rise to this Court's jurisdiction is the Standard Form 95, not the letter from counsel." Pl.'s Opp'n at 2.

2002). Here, the plaintiff is silent in the face of the defendants' motion to dismiss her section 1983 claims. The defendants make out a clear case for dismissal.[8] Treating the defendants' arguments as conceded results in the dismissal the section 1983 claim without prejudice. *Id.; e.g., Signature Homes, Inc. v. Resolution Trust Corp.*, 1991 WL 50392, at *1 (D.D.C. 1991) (treating a defendant's unopposed motion to dismiss as conceded and dismissing the case without prejudice).

## IV. CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to dismiss and dismisses the case without prejudice. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 28th day of June, 2004.

---

**8.** It appears that the plaintiff fails to state a claim, as she does not allege that the defendants acted under state law. *See generally* Compl.; Am. Compl.; Pl.'s Opp'n.; 42 U.S.C. § 1983; *LaRouche v. Fowler*, 152 F.3d 974, 988 (D.C.Cir.1998); *e.g., Gabriel v. Corrections Corp. of Am.*, 211 F.Supp.2d 132, 135–36 (D.D.C.2002) (dismissing a section 1983 claim against the federal Bureau of Prisons under Rule 12(b)(6) because "BOP is not a state official acting under color of state law"); *Richardson v. U.S. Dep't of Interior*, 740 F.Supp. 15, 20 (D.D.C.1990) (dismissing a section 1983 claim against a U.S. Park Police officer under Rule 12(b)(6) because the officer was not acting under the color of District of Columbia law when he arrested the plaintiff); *Abramson v. Bennett*, 707 F.Supp. 13, 16 (dismissing a section 1983 claim against the Secretary of Education under Rule 12(b)(6) because the Secretary was a federal official acting under color of federal law).