**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-7248**

PAUL SCINTO, SR.,

             Plaintiff – Appellant,

        v.

WARDEN PATRICIA STANSBERRY, Warden, FCI - Butner-Low; SUSAN
G. MCCLINTOCK, Camp Administrator, FPC-Butner; R. HOLT,
Senior Officer Specialist,

             Defendants – Appellees,

        and

FEDERAL BUREAU OF PRISONS, a division of the U.S.
Department of Justice; HARLEY G. LAPPIN, Director, Bureau
of Prisons; KIM M. WHITE, Mid Atlantic Regional Director,

             Defendants.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
Chief District Judge. (5:10-ct-03165-D)

Submitted: November 29, 2012       Decided: January 25, 2013

Before MOTZ, DAVIS, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Paul Scinto, Sr., Appellant Pro Se. William Ellis Boyle, Christian Alexander Natiello, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Scinto, Sr., appeals from the district court's order denying his motion to amend his Bivens[1] complaint and granting the Defendants' motion to dismiss. Because Scinto had the right to file an amended complaint as a matter of course, we vacate the district court's judgment and remand for further proceedings.

Under Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend his complaint once as a matter of course within 21 days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). After expiration of this time period, a party may amend only with either the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). We review a district court's denial of a motion to amend a complaint for abuse of discretion. Pub. Emps.' Ret. Ass'n v. Deloitte & Touche LLP, 551 F.3d 305, 313 n.3 (4th Cir. 2009). A district court abuses its discretion if it fails or refuses to exercise its discretion or if it relies on an erroneous factual or legal premise. James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Here, no responsive pleading was filed, and Scinto had not filed a previous amended complaint.  Instead, on August 1, 2011, Defendants filed a motion to dismiss.[2]  Also, on August 1, Scinto filed a motion to amend his complaint.[3]

The district court denied Scinto's motion to amend on the grounds that it was futile and Scinto offered no justification for waiting years after the events giving rise to his complaint to file his motion to amend.  "However, the doctrine of futility only applies when the plaintiff seeks leave of court to amend and does not have a right to amend.  The plaintiff's right to amend once is absolute."  Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010).  Further, as discussed above, Scinto's pro se amendments and related materials were timely filed within 21 days of the motion to dismiss.  Because Scinto had the right to amend his complaint as a matter of course and without leave of court, the district court abused its

---

[2] The case was transferred from the District Court for the District of Columbia.  While Defendants had filed a motion to dismiss in that court, a prior version of Rule 15(a)(1) was in effect at that time.  Prior Rule 15(a)(1) provided that a responsive pleading, but not a motion to dismiss, terminated a plaintiff's right to amend his complaint as a matter of course. Thus, Defendants' prior motion to dismiss filed in the District of Columbia did not terminate Scinto's right to amend as a matter of course.

[3] Within the twenty-one day period, Scinto also filed a response to the motion to dismiss, attaching an affidavit as well as other documentary evidence.

discretion by denying the motion to amend. As a result, the district court further erred in ruling on Defendants' motion to dismiss without considering Scinto's amendments.

Accordingly, we vacate the district court's judgment and remand for the district court to file and consider Scinto's amended complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>