**Carolyn DYKES, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**PORTFOLIO RECOVERY ASSOCIATES, LLC, Defendant.**

**No. 1:15cv110 (JCC/MSN).**

United States District Court, E.D. Virginia, Alexandria Division.

Signed April 28, 2015.

Brian L. Bromberg, Jonathan R. Miller, Bromberg Law Office, P.C., New York City, Thomas R. Breeden, Thomas R. Breeden, PC, Manassas, VA, for Plaintiff.

David N. Anthony, Harrison S. Kelly, Nicholas R. Klaiber, Troutman Sanders LLP, Richmond, VA, for Defendant.

### *ORDER*

JAMES C. CACHERIS, District Judge.

On January 28, 2015, Plaintiff Carolyn Dykes filed this action pursuant to the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (Compl. [Dkt. 1].) On April 10, 2015, after receiving an extension of time to file an answer, Defendant Portfolio Recovery Associates, LLC filed a Motion to Dismiss for Failure to State a Claim. (Mot. to Dismiss [Dkt. 11]; Def.'s Mem. in Supp. [Dkt. 12].) Eleven days later, on April 21, 2015, Plaintiff filed an Amended Complaint. [Dkt. 16.]

Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part:

A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed.R.Civ.P. 15(a)(1). Upon satisfaction of the above conditions, the "plaintiff's right to amend once is absolute." *Scinto v. Stansberry*, 507 Fed.Appx. 311, 312 (4th Cir.2013).

In this case, Plaintiff filed an Amended Complaint eleven days after service Defendant's motion under Rule 12(b)(6). Accordingly, Plaintiff's amended pleading is now properly before the Court. *See Turner v. Kight*, 192 F.Supp.2d 391, 397 (D.Md.2002) (finding plaintiff's amended complaint the operative pleading given it was filed within the time period provided under Rule 15(a)).

It is well settled that an amended pleading supersedes the original, and motions directed at superseded pleadings must be denied as moot. *See Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) ("[A]n amended pleading supersedes the original pleading, rendering the original pleading of no effect."); *Synovus Bank v. Karp*, No. 1:10cv172, 2010 WL 4623851, at *1 (W.D.N.C. Nov. 3, 2010) (denying as moot motion to dismiss on grounds that defendant's amended pleading superseded the original).

Accordingly, it is hereby ORDERED that:

(1) Defendant's Motion to Dismiss for Failure to State a Claim [Dkt. 11] is DENIED AS MOOT; and

(2) The Clerk of the Court is directed to remove the hearing currently scheduled for May 7, 2015 from the Court's docket and shall forward this Order to all counsel of record.