# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **PAOLO SCHIANCHI,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 22-cv-156 (TSC) |
| **UNITED STATES OF AMERICA** and **TRANSPORTATION SECURITY ADMINISTRATION,** | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Paolo Schianchi brings this action pursuant to the Federal Tort Claims Act (FTCA) against the United States of America and the Transportation Security Administration (TSA) for injuries he sustained when he fell while riding a scooter near the intersection of Constitution Avenue and Third Street, N.W. in Washington, D.C.  Plaintiff claims that defects in the sidewalk caused his fall and that the sidewalk is maintained by the TSA.[1]

Plaintiff alleges that he "presented" his claim to the TSA on or about March 4, 2021, but the agency failed to respond.  Compl. § 12.  However, Defendant has proffered declarations stating that neither the TSA or the General Services Administration have any record of a claim

---

[1]  Under the FTCA, "the United States is the only proper party defendant." *Cureton v. U.S. Marshal Serv.,* 322 F. Supp. 2d 23, 25 n.4 (D.D.C. 2004) (internal quotation marks and citations omitted).

The USA indicates that it is unclear why the Plaintiff claims the TSA had a duty to maintain the sidewalk, as the area in which he was traveling is located near the Labor Department and the federal courthouse.  Defs. Mot. to Dismiss at 3 n.1.

filed by Plaintiff, nor does the TSA have a claim filed by Plaintiff's attorney. Defs. Ex. 1, Sherry Johnson Decl.; Defs. Ex. 2, Dawn Austin Decl. Accordingly, Defendant moves to dismiss this action for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 17. For the reasons set forth below, the court will GRANT the motion.

## I. LEGAL STANDARDS

### A. Federal Rule 12(b)(1)

Federal "Rule 12(b)(1) presents a threshold challenge to the Court's jurisdiction and the Court is obligated to determine whether it has subject-matter jurisdiction in the first instance." *Curran v. Holder*, 626 F. Supp. 2d 30, 32 (D.D.C. 2009) (cleaned up and citation omitted). "The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists." *Stoddard v. Wynn*, 68 F. Supp. 3d 104, 110 (D.D.C. 2014) (citing *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008)).

### B. FTCA

The United States is ordinarily immune from suit unless there is an explicit statutory waiver of its sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agents from suit."). "Sovereign immunity is jurisdictional in nature." *Id.* Therefore, "a claim barred by sovereign immunity lacks subject matter jurisdiction and may be dismissed under a 12(b)(1) motion." *Edwards v. United States*, 211 F. Supp. 3d 234, 236 (D.D.C. 2016) (citing *F.D.I.C.*, 510 U.S. at 475). "The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain tort claims, subject to various exceptions," not at issue here. *Scruggs v. Bureau of Engraving & Printing*, 200 F. Supp. 3d 78, 82 (D.D.C.) (citations omitted). However, under the FTCA, a plaintiff must exhaust administrative remedies, which "occurs once

a claimant has presented the appropriate federal agency with a claim describing the alleged injury with particularity and setting forth a 'sum certain' of damages, and the agency has (1) denied the claim in writing or (2) failed to provide a final disposition within six months of the claim's filing." *Cureton,* 322 F. Supp. 2d at 27 (citations omitted).

## II.     ANALYSIS

Defendant filed its Rule 12(b)(1) motion to dismiss on February 24, 2022. Under the court's local rules, Plaintiff's opposition was due fourteen days later, on March 10, 2022. *See* LCvR 7(b). Plaintiff did not respond to the motion or seek an extension of the deadline. When an opposition "memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." *Id.* The Plaintiff having failed to respond to Defendant's motion and proffer evidence that he exhausted his administrative remedies, the court finds that it lacks jurisdiction over his claims.

## III.    CONCLUSION

For the reasons set forth above, the court will GRANT Defendant's motion to dismiss.

Date:  May 10, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge