Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/23/2026 08:06 AM CDT

Brent Cyboron, as Personal Representative of the
Estate of James Cyboron, deceased, and Sandy
Cyboron, spouse, appellants, v. Merrick
County, doing business as Litzenberg
Memorial County Long Term Care,
et al., appellees.

___ N.W.3d ___

Filed April 23, 2026.    No. S-24-663.

1. **Rules of the Supreme Court: Pleadings: Appeal and Error.** An appellate court reviews a district court's denial of a motion for leave to amend under Neb. Ct. R. Pldg. § 6-1115(a) for an abuse of discretion.
2. **Judges: Words and Phrases.** A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
3. **Complaints: Motions to Dismiss.** When a plaintiff has moved for leave to amend the complaint before the court rules on a motion to dismiss the complaint, the court must first consider and rule upon the pending motion to amend.
4. **Motions to Dismiss: Rules of the Supreme Court: Pleadings.** A motion to dismiss pursuant to Neb. Ct. R. Pldg. § 6-1112(b) is not a responsive pleading for purposes of Neb. Ct. R. Pldg. § 6-1115(a).
5. **Rules of the Supreme Court: Pleadings: Waiver.** When a party is entitled under Neb. Ct. R. Pldg. § 6-1115(a) to amend a pleading once as a matter of course, the party does not waive that right by filing an unnecessary motion seeking leave to amend and the court should allow such amendment as a matter of course.

Appeal from the District Court for Merrick County: Rachel A. Daugherty, Judge. Reversed and remanded for further proceedings.

Michael W. Milone and Wendy A. Wussow, of Koukol Johnson Schmit & Milone, L.L.C., and Shayla M. Reed, of Reed Law Offices, P.C., L.L.O., for appellants.

David A. Blagg and Mark E. Novotny, of Cassem, Tierney, Adams, Gotch & Douglas, for appellee Litzenberg Memorial County Long Term Care.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, and Freudenberg, JJ.

Stacy, J.

The plaintiffs filed this medical negligence and wrongful death action against a county-owned skilled nursing facility pursuant to the Political Subdivisions Tort Claims Act (PSTCA).[1] The skilled nursing facility moved to dismiss the complaint for failure to state a claim, arguing that the face of the complaint did not show compliance with the PSTCA's presuit notice requirements.[2] In response, the plaintiffs requested leave to amend their complaint to allege additional facts and theories regarding the presuit notice requirement. After a hearing at which evidence was received and considered, the district court denied leave to amend the complaint and granted the motion to dismiss. The plaintiffs appeal, assigning error to both rulings.

The disposition of this appeal is dictated by its procedural posture at the time the plaintiffs moved to amend their complaint. For reasons we will explain, the plaintiffs were entitled to amend their complaint once as a matter of course under Neb. Ct. R. Pldg. § 6-1115(a), and they did not waive that right by filing a motion seeking leave to amend. Because the trial court erred in refusing to allow the plaintiffs to amend their complaint, we reverse the judgment of the district court and remand the cause for further proceedings.

---

[1] Neb. Rev. Stat. §§ 13-901 to 13-928 (Reissue 2022).

[2] See § 13-905.

## BACKGROUND

### PRESUIT NOTICE REQUIREMENTS
### UNDER PSTCA

Because the parties' appellate briefing is focused largely on whether the plaintiffs have plausibly alleged compliance with the statutory presuit notice requirements under the PSTCA, we review the legal principles governing the PSTCA's presuit notice requirements, before turning to the relevant factual and procedural history.

The PSTCA's presuit notice requirements are set out in §§ 13-905 and 13-906. Summarized, these statutes require that before commencing suit under the PSTCA, a claimant must file a written tort claim with the governing body of the political subdivision in accordance with the provisions of § 13-905.[3] This requirement is intended to give the government notice of the tort claim so that it can be investigated and, if appropriate, resolved before suit is commenced.[4] Under § 13-906, a PSTCA suit may not be commenced until the governing body has made final disposition of the claim, except that if no final disposition is made within 6 months, the claim may be withdrawn from consideration and suit may then be commenced.

We have described the PSTCA's presuit notice requirements as procedural conditions precedent to commencing a tort action against the government.[5] But these notice requirements are not jurisdictional in nature, and they do not bear directly on the question of sovereign immunity.[6] Instead, the requirements are administrative in nature, and a plaintiff's failure to comply with the presuit notice requirements may be asserted by the

---

[3] See, *Clark v. Sargent Irr. Dist.*, 311 Neb. 123, 971 N.W.2d 298 (2022); *Brothers v. Kimball Cty. Hosp.*, 289 Neb. 879, 857 N.W.2d 789 (2015).

[4] See *id.*

[5] See, *Clark, supra* note 3; *Brothers, supra* note 3.

[6] See *Clark, supra* note 3.

political subdivision as an affirmative defense in an action brought under the PSTCA.[7]

## ORIGINAL COMPLAINT

In October 2023, this medical negligence and wrongful death action was commenced in the district court for Merrick County, Nebraska. There are two named plaintiffs—one is the personal representative of the estate of James Cyboron, and the other is James' surviving spouse.

The complaint alleged that from March 2021 to August 2022, James was a resident of a skilled nursing facility owned by Merrick County and located in Central City, Nebraska. The plaintiffs alleged that staff at the nursing facility provided James with negligent care and treatment that caused pressure ulcers to develop and become infected, ultimately resulting in his death on October 19, 2022.

The complaint named 10 defendants—2 individuals and 8 entities. The individual defendants were not served within the statutory period[8] and now stand dismissed as a matter of law.[9] Regarding the entities named as defendants, the complaint alleged that the county-owned nursing facility was operated under a variety of business names, and it named the following eight entities as defendants, alleging that all were political subdivisions of the State of Nebraska:

    1.  MERRICK    COUNTY    d/b/a    LITZENBERG MEMORIAL COUNTY LONG TERM CARE;

    2.  MERRICK    COUNTY    d/b/a    LITZENBERG MEMORIAL MERRICK COUNTY;

    3.  MERRICK    COUNTY    d/b/a    LITZENBERG MEMORIAL LONG TERM CARE;

    4.  MERRICK    COUNTY    d/b/a    LITZENBERG MEMORIAL COUNTY LTC;

---

[7] See *id.*

[8] See Neb. Rev. Stat. § 25-217 (Cum. Supp. 2024).

[9] *Id.*

    5. MERRICK COUNTY d/b/a MERRICK MEDICAL CENTER LONG TERM CARE;

    6. MERRICK COUNTY d/b/a LITZENBERG MEMORIAL MERRICK COUNTY;

    7. LITZENBERG MEMORIAL MERRICK COUNTY d/b/a LITZENBERG MEMORIAL COUNTY HOSPITAL[; and]

    [8.] Litzenberg Memorial Merrick County d/b/a Litzenberg Memorial County Long Term Care . . . .

In addition to these named defendants, the complaint alleged the county-owned nursing facility also operated "under some other legal name[s]," and it specifically alleged that James' medical records referred to the nursing facility as "Litzenberg Memorial Long Term Care."

Of the eight entity defendants listed above, the first six were dismissed pursuant to a preanswer motion, and that ruling has not been appealed, so we do not discuss it further. The remaining two entity defendants were granted additional time to respond to the complaint after advising the court that "[d]ue to the complex nature of the named Defendant in this case, it will take additional time to determine which Defendants are viable entities and to have counsel enter appearances for the various entities."

### MOTION TO DISMISS

Thereafter, a motion to dismiss pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6) was filed on behalf of a defendant identifying itself as "Litzenberg Memorial Long Term Care." This motion affirmatively stated that the responding defendant had been "incorrectly named" in the complaint and that

    "Litzenberg Memorial Merrick County d/b/a/ Litzenberg Memorial Long Term Care" and "Litzenberg Memorial Merrick County d/b/a Litzenberg Memorial County Hospital" (the last two Defendants named by Plaintiffs in the Complaint in this litigation) do not exist to the knowledge of Litzenberg Memorial Long Term Care. . . . As a

result, the entity responding in this litigation is Litzenberg Memorial Long Term Care.

The court and the parties appear to have treated this as a judicial admission correcting a party misnomer, because from that point forward, everyone referred to this defendant, and to the skilled nursing facility at issue, as "Litzenberg Memorial Long Term Care." We follow suit, but for the sake of simplicity, we will refer to this defendant as "Litzenberg Memorial."

As relevant to the issues on appeal, Litzenberg Memorial's § 6-1112(b)(6) motion challenged the sufficiency of the complaint's allegations regarding presuit notice under the PSTCA. More specifically, the motion acknowledged that the plaintiffs had alleged they gave timely notice of the tort claim to the Merrick County clerk, but it asserted that such allegations were insufficient to show compliance with § 13-905, because the Merrick County clerk was not the proper official to receive notice of tort claims on behalf of Litzenberg Memorial.[10]

## Plaintiffs' Motion to Amend and Proposed Amended Complaint

Prior to the hearing on Litzenberg Memorial's § 6-1112(b)(6) motion, the plaintiffs filed a motion seeking leave to amend their complaint for the stated purposes of (1) correcting the name of "Defendant 'Litzenberg Memorial Long Term Care'" and (2) alleging "additional relevant facts" to show compliance with the PSCTA's notice requirement. Attached to the plaintiffs' motion was a proposed amended complaint.

The amended complaint referred to the skilled nursing facility and the entity operating it as a political subdivision known as Litzenberg Memorial Long Term Care, and it again alleged that the plaintiffs had complied with the presuit notice requirements of the PSTCA by filing notice of their tort claim

---

[10] See § 13-905 (stating notice of tort claim must be filed with "the clerk, secretary, or other official whose duty it is to maintain the official records of the political subdivision").

"with the Merrick County clerk within the statutorily required time." However, the amended complaint alleged new facts in support of the allegation that the Merrick County clerk was the proper official to serve with notice, including allegations that Litzenberg Memorial used the Merrick County clerk to act on its behalf and with its permission to file its official licensure documents, to attend its board meetings, and to keep and sign the minutes of such meetings.

Additionally, the amended complaint alleged that Litzenberg Memorial should be equitably estopped from raising the affirmative defense of noncompliance with the PSTCA's notice requirements based on certain representations made to the plaintiffs' counsel. In this regard, the amended complaint alleged that after the plaintiffs' counsel learned from public filings that the skilled nursing facility was owned by Merrick County, counsel sent an email to the Merrick County clerk, stating, "I need to present a tort claim concerning Litzenberg Memorial Long Term Care (skilled nursing facility)" and asking whom the "proper person" was, under the PSTCA, "to receive tort claim notices" for Litzenberg Memorial. The Merrick County clerk replied by email, stating, "After speaking with the County Attorney, that would be me." The plaintiffs' counsel then sent a followup email to the Merrick County clerk, stating, "Are you also the proper person under [the PSTCA], designated to receive[] tort claim notices for Litzenberg Memorial Long Term Care (skilled nursing facility)? Just want to be certain before I mail this out." [Emphasis omitted.] The county clerk again replied by email, stating, "Yes, that is what our County Attorney advised me." A copy of this email correspondence was attached as an exhibit to the proposed amended complaint. Based on these representations, the amended complaint alleged that principles of equitable estoppel prevented Litzenberg Memorial from asserting that

the Merrick County clerk was not the proper official to receive notice of a tort claim on its behalf.[11]

### Hearing on Motion to Dismiss and Motion to Amend

A consolidated hearing was conducted on Litzenberg Memorial's motion to dismiss and the plaintiffs' motion for leave to amend. Both parties offered exhibits that the court received and considered. No party asked that the motion to dismiss be converted into a motion for summary judgment, and the court determined it was unnecessary to do so, reasoning that the exhibits offered by the parties were "necessarily embraced by the Complaint and [thus] are not considered matters outside the pleading."[12]

Because we ultimately resolve this appeal on procedural grounds, we express no opinion on the propriety of considering the exhibits for purposes of these motions. For clarity, however, we refer to certain exhibits to explain the court's ruling.

### District Court's Ruling

In a judgment styled as an order entered August 5, 2024, the district court overruled the plaintiffs' motion for leave to amend their complaint and granted Litzenberg Memorial's motion to dismiss the complaint for failure to state a claim. In doing so, the court found that certain exhibits introduced by Litzenberg Memorial established that the board of trustees for Litzenberg Memorial had designated its board members, but not the Merrick County clerk, as the proper officials to serve with notice of a tort claim under the PSTCA. Based on this evidence, the court concluded that neither the original

---

[11] See, generally, *Estate of McElwee v. Omaha Transit Auth.*, 266 Neb. 317, 664 N.W.2d 461 (2003).

[12] See, e.g., *DMK Biodiesel v. McCoy*, 285 Neb. 974, 830 N.W.2d 490 (2013) (recognizing that when ruling on motion to dismiss, court may not consider materials outside pleadings but may consider materials that are public record or are necessarily embraced by pleadings).

complaint nor the proposed amended complaint alleged sufficient facts to show compliance with the PSTCA's presuit notice requirements, and it granted Litzenberg Memorial's motion to dismiss on that basis. Furthermore, relying on the same evidence, the court concluded that the plaintiffs' proposed amended complaint did not allege a plausible claim of equitable estoppel against Litzenberg Memorial and that allowing the plaintiffs leave to amend would be futile.

The plaintiffs filed this timely appeal, which we moved to our docket on our own motion.

## ASSIGNMENTS OF ERROR

The plaintiffs assign, consolidated and restated, that the district court erred by (1) denying their motion for leave to amend the complaint, (2) granting Litzenberg Memorial's motion to dismiss, and (3) receiving evidence outside the pleadings without converting the motion to dismiss into a motion for summary judgment. Because we conclude the first assignment is dispositive, we do not address the others.

## STANDARD OF REVIEW

[1,2] An appellate court reviews a district court's denial of a motion for leave to amend under § 6-1115(a) for an abuse of discretion.[13] A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[14]

## ANALYSIS

[3] When a plaintiff has moved for leave to amend the complaint before the court rules on a motion to dismiss the complaint, the court must first consider and rule upon the

---

[13] *Johnson v. City of Omaha*, 319 Neb. 402, 23 N.W.3d 420 (2025); *Sinu v. Concordia University*, 313 Neb. 218, 983 N.W.2d 511 (2023); *Eadie v. Leise Properties*, 300 Neb. 141, 912 N.W.2d 715 (2018).

[14] *State v. Damore*, 320 Neb. 914, 31 N.W.3d 604 (2026).

pending motion to amend.[15] We therefore begin our analysis by examining whether the district court abused its discretion by overruling the plaintiffs' motion for leave to file the proposed amended complaint. For reasons we will explain, we conclude it did.

We begin our analysis with the applicable court rule, § 6-1115(a). Although this rule was amended effective January 1, 2025, the version in effect during the relevant time period provided, in relevant part:

> A party may amend the party's pleading once as a matter of course before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may amend it within 30 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires.[16]

It appears from the record that the parties and the district court may have treated Litzenberg Memorial's § 6-1112(b)(6) motion as a "responsive pleading" for purposes of § 6-1115(a) and incorrectly assumed that the complaint could therefore be amended only by leave of court. In the sections that follow, we address the proper characterization of a motion to dismiss and the impact of such a motion on a party's right to amend a pleading once as a matter of course under § 6-1115(a). We then consider whether a party waives the right to amend as a matter of course by filing an unnecessary motion seeking leave to amend.

### Motion to Dismiss Is Not Responsive Pleading

To the extent the parties and the trial court assumed that Litzenberg Memorial's motion to dismiss was a responsive pleading for purposes of the right to amend as a matter of course

---

[15] See, *id*.; *Gonzalez v. Union Pacific RR. Co.*, 282 Neb. 47, 803 N.W.2d 424 (2011).

[16] § 6-1115(a).

under § 6-1115(a), they were mistaken. Under Nebraska's pleading rules, a motion to dismiss under § 6-1112(b) is not a pleading at all; it is a motion asserting a defense that must be "made before pleading."[17]

[4] Neb. Ct. R. Pldg. § 6-1107(a) identifies the only "pleadings" allowed in Nebraska trial courts, and that list does not include motions asserting any of the defenses available under § 6-1112(b).[18] Simply put, a motion to dismiss pursuant to § 6-1112(b) is not a responsive pleading for purposes of § 6-1115(a).

## PLAINTIFFS WERE ENTITLED TO AMEND THEIR COMPLAINT AS MATTER OF COURSE

As stated, under the version of § 6-1115(a) in effect when Litzenberg Memorial filed its motion to dismiss the plaintiffs' complaint, a party was entitled to amend its pleading once as a matter of course before a responsive pleading is served. For the sake of completeness, we note that recent amendments to § 6-1115(a) now impose a 14-day time limit on the right to amend once as a matter of course after service of either a responsive pleading or a motion to dismiss under § 6-1112(b).[19] But the version of § 6-1115(a) that was in effect when Litzenberg Memorial filed its motion to dismiss did not address motions to dismiss at all. As such, Litzenberg

---

[17] See, § 6-1112(b) (rev. 2025) (identifying certain defenses that may be made by motions and stating that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed"); § 6-1112(b) (as recodified effective July 18, 2008) (identifying certain defenses that may be made by motions and stating that "[a] motion making any of these defense[s] shall be made before pleading if further pleading is permitted").

[18] See, § 6-1107(a)(1) through (8) (rev. 2025); § 6-1107(a) (as recodified effective July 18, 2008).

[19] See § 6-1115(a)(1)(B) (rev. 2025) (if pleading is one to which responsive pleading is required, party may amend once as matter of course no later than "14 days after service of a responsive pleading or 14 days after service of a motion under § 6-1112(b), (e), or (f), whichever is earlier").

Memorial's motion to dismiss had no impact on the plaintiffs' entitlement to amend their complaint once as a matter of course under § 6-1115(a).[20]

Because the appellate record shows there had not yet been a responsive pleading filed by any party when the plaintiffs' sought leave to amend their complaint, the time to amend as a matter of course under § 6-1115(a) had not yet expired and it was not necessary to seek or obtain leave of court to do so. But the plaintiffs *did* seek leave to amend, which raises an interesting legal question this court has not yet considered: When a party is entitled under § 6-1115(a) to amend a pleading once as matter of course, does the party waive that right by filing a motion seeking leave to amend? We turn to that question now, and because Fed. R. Civ. P. 15 is substantially similar to § 6-1115, we look to federal decisions for guidance.[21]

---

[20] John P. Lenich, Nebraska Civil Procedure § 15:2 at 737 (2024) (noting motion to dismiss is "is not a responsive pleading" and will not affect party's right to amend pleading as matter of course). Accord, e.g., 6 Charles Alan Wright et al. Federal Practice and Procedure § 1483 at 667-68 (3d ed. 2010) (recognizing that "a motion attacking a pleading is not a responsive pleading as defined in [Fed. R. Civ. P.] 7" and that thus, such a motion does "not prevent a party from subsequently amending without leave of court"); *McKinney v. Irving Independent School Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) ("[b]ecause a [Fed. R. Civ. P.] 12(b)(6) motion to dismiss is not a 'responsive pleading,' the filing of such a motion does not extinguish a party's right to amend as a matter of course"); *Stein v. Royal Bank of Canada*, 239 F.3d 389 (1st Cir. 2001) (same); *Bowden v. U.S.*, 176 F.3d 552 (D.C. Cir. 1999) (same); *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 134 N.C. App. 65, 68, 516 S.E.2d 911, 913 (1999), *affirmed in part as modified* 351 N.C. 589, 528 S.E.2d 568 (2000) (holding that for purposes of court rule entitling party to amend pleading "'once as a matter of course at any time before a responsive pleading is served,'" a motion to dismiss pursuant to North Carolina's counterpart to Nebraska's § 6-1112(b)(6) is not a "'responsive pleading'" and "'does not itself terminate plaintiff's unconditional right to amend a complaint under'" North Carolina's counterpart to Nebraska's § 6-1115(a)).

[21] E.g., *Denali Real Estate v. Denali Custom Builders*, 302 Neb. 984, 926 N.W.2d 610 (2019) (recognizing Nebraska courts may look to federal decisions interpreting corresponding federal pleading rules for guidance).

## Motion Seeking Leave to Amend Does Not Waive Entitlement to Amend as Matter of Course Under § 6-1115(a)

Many of the federal courts to have addressed this issue have concluded that when a party unnecessarily moves for leave to amend before the time for amending as a matter of course has expired, the amendment is not subject to the court's discretion, but, instead, should be allowed as a matter of course pursuant to the plain language of federal rule 15. This rule has been applied in the Fourth,[22] Fifth,[23] Sixth,[24] Seventh,[25] Ninth,[26] and D.C.[27] Circuits, as well as by various

---

[22] *Galustian v. Peter*, 591 F.3d 724 (4th Cir. 2010) (holding that no responsive pleading had been filed, so plaintiff had absolute right to amend complaint despite filing unnecessary motion; that trial court abused its discretion in denying leave to amend; and that doctrine of futility had no application).

[23] *Zaidi v. Ehrlich*, 732 F.2d 1218 (5th Cir. 1984) (holding that when plaintiff has right to amend complaint because no responsive pleading has been filed but nevertheless seeks leave to amend, court should allow amendment and errs in denying leave).

[24] *Rogers v. Girard Trust Co.*, 159 F.2d 239, 241 (6th Cir. 1947) (holding that when no responsive pleading has been filed, plaintiff is entitled to amend complaint as matter of course; because leave to amend "was not necessary, . . . it was error to deny the leave when asked").

[25] *Peterson Steels v. Seidmon*, 188 F.2d 193, 194 (7th Cir. 1951) (holding that because "defendants had not served a responsive pleading, plaintiff was entitled to file his amended complaint as a matter of course and was not required to ask leave of court; it was error, however, to deny such leave when the request was made").

[26] *Nolen v. Fitzharris*, 450 F.2d 958 (9th Cir. 1971) (holding that motion to dismiss was not responsive pleading, that plaintiffs thus had right to amend their complaint once as matter of course, and that court erred in denying such right).

[27] *James v. Hurson Associates, Inc. v. Glickman*, 229 F.3d 277, 283 (D.C. Cir. 2000) (holding that motion to dismiss was not responsive pleading, so plaintiff was entitled to amend his complaint "as a matter of right" and court abused its discretion in disallowing such amendment).

federal district courts.[28] The Eighth Circuit also follows this rule and has expressly held that the "mere act of filing a motion to amend or seeking leave to amend" does not "invoke the district court's discretionary authority to deny leave if the amendment would otherwise fall within the purview of the first sentence of [Fed. R. Civ. P.] 15(a)."[29] A leading treatise describes this rule as "sound," observing that "in most cases, a party who makes a motion to amend before the period for amendment as of course has expired does so inadvertently[,] and [that] treating the amendment as if it had been made under [Fed. R. Civ. P.] 15(a)(1) avoids penalizing the pleader for not understanding the rule."[30]

We are aware that some courts hold otherwise. For instance, the Second[31] and Third[32] Circuits have held that when a party who would otherwise be entitled to amend as a matter of right nevertheless files a motion seeking leave to amend, the court has discretion to deny the motion. And the 11th Circuit appears to have split on the issue, with one panel holding that a trial court "lacked the discretion"[33] to deny an amended

---

[28] See, *Doe #1 v. Syracuse University*, 335 F.R.D. 356 (N.D.N.Y. 2020); *Cureton v. U.S. Marshal Service*, 322 F. Supp. 2d 23 (D.D.C. 2004); *Butler v. McDonnell-Douglas Saudi Arabia Corp.*, 93 F.R.D. 384 (S.D. Ohio 1981); *Jones v. Electrodyne Company*, 224 F. Supp. 599 (W.D. Mo. 1963); *Simmons Co. v. Cantor*, 3 F.R.D. 197 (W.D. Pa. 1943).

[29] *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).

[30] 6 Wright et al., *supra* note 20, § 1482 at 664-65.

[31] *Johnson v. University of Rochester Med. Center*, 642 F.3d 121, 125 (2d Cir. 2011) (reasoning that because plaintiff's motion did not seek "permission to amend as of right," trial court could exercise discretion to deny request).

[32] *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989) (holding that even though plaintiff was authorized under Fed. R. Civ. P. 15(a) to amend "as a matter of course," he sought leave to amend, so court would "treat this as a case in which leave of court is required to amend").

[33] *Williams v. Board of Regents of Univ. System of GA*, 477 F.3d 1282, 1292 (11th Cir. 2007).

complaint on the ground of futility when the plaintiff was entitled to amend as a matter of course and a different panel holding that a party waives the right to amend as a matter of course by filing a motion to amend and inviting the court to exercise its discretion.[34]

[5] We think the rule followed by the Fifth, Sixth, Seventh, Eighth, Ninth, and D.C. Circuits is sound, and we find it more consistent with both the language and the intent of § 6-1115(a). We therefore hold that when a party is entitled to amend a pleading as a matter of course under rule § 6-1115(a), the party does not waive that right by filing an unnecessary motion seeking leave to amend, and the court should allow such amendment as a matter of course.

Here, because the plaintiffs were entitled under § 6-1115(a) to amend their complaint once as a matter of course, the order denying them that substantial right amounted to an abuse of discretion. We therefore reverse the judgment of the district court and remand the cause with directions to allow the plaintiffs to amend their complaint, and to overrule Litzenberg Memorial's motion to dismiss as moot.[35]

This procedural disposition does not permit us to reach the merits of Litzenberg Memorial's motion to dismiss, and nothing in this opinion should be read to express an opinion in that regard.

---

[34] *Coventry First, LLC v. McCarty*, 605 F.3d 865 (11th Cir. 2010).

[35] See, 6 Wright et al., *supra* note 20, § 1476 at 636-37 ("[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case"); *Klein by Klein v. Caterpillar Inc*., 581 F. Supp. 3d 912, 919 (E.D. Mich. 2022) (holding that once original complaint is superseded, "'there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot'"); *Scott v. Buckner Co.*, 388 F. Supp. 3d 1320 (D. Colo. 2019) (recognizing motion to dismiss is moot when complaint has been amended); *Dykes v. Portfolio Recovery Associates, LLC*, 306 F.R.D. 529 (E.D. Va. 2015) (holding amended pleading supersedes original, so motions directed at superseded pleadings must be denied as moot).

## CONCLUSION

For the foregoing reasons, we conclude the district court abused its discretion by not allowing the plaintiffs to amend their complaint as a matter of course under § 6-1115(a). We therefore reverse the judgment and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded for
further proceedings.

Miller-Lerman, J., not participating in the decision.

Bergevin, J., not participating.